## CONKLIN v. PARSONS.

1. FIXTURES—SET-OFF.—Where parties exchange farms with each other, and at the time of the exchange, rails had been placed along the boundary line of one of the parties, by him, in contemplation of erecting a fence with them, and after the exchange, the party into whose possession they fall, thereby converts them to his own use, and sues for a balance due him on the exchange of the lands, *held*, that the value of the rails could not be set off against the claim, though there had been an unlawful conversion of them, the statute of set-off relating only to goods sold. If the appropriation of the rails was a tort, it could not, under the statute, be the subject of set-off.

2. ERROR—SET-OFF.—While it is error for the court to admit evidence of the unlawful conversion of property as a set-off, in an action of assumpsit, yet if it instructs the jury to reject the set-off, and they find accordingly, the error is thereby cured.

3. FIXTURES.—Where rails are promiscuously placed along the line of a contemplated fence, and before its erection the land is conveyed, the better opinion is, that they pass by the conveyance as a part of his realty.

(1 *Chand.* 240.)

ERROR to the Circuit Court for *Fond du Lac* County.

This was an action of assumpsit to recover the difference in value of certain lands, which had been exchanged between the parties, and which the plaintiff in error, the defendant below, had agreed to pay to *Parsons*, the defendant in error and

plaintiff below. Against that claim the defendant, on the trial, under a notice subjoined to his plea of the general issue, offered proof of a set-off of the value of certain rails, which, previous to the time of the exchange of lands, had been placed there by him for constructing a fence, and which had been appropriated by the plaintiff below, to his own use, subsequently to the exchange of the lands, and the taking possession thereof by the respective parties.

The plaintiff objected to the allowance of the evidence of the conversion of the rails to his use, as a set-off against his claim for the agreed difference in the exchange of lands. The court admitted the evidence ; and to this decision the plaintiff below excepted.

It was then admitted by the counsel of the respective parties, that the only matter of dispute between the parties in the suit was the right of property in the rails, and that the rails were of the value of fifty dollars.

The court charged the jury that the rails in question passed to and became the property of the plaintiff on the exchange of the lands, being at the time of the exchange upon the lands, which, by the exchange, came into the possession of the plaintiff; and that being designed for the construction of a fence upon the premises where they then were, and there being no special reservation of them by the defendant, they passed by the exchange of the real estate to the plaintiff, and became his property. The court further instructed the jury that the plaintiff had established a right to the recovery of the sum agreed to be paid by the defendant, as the difference in the exchange of lands; and the sum so proved to have been agreed upon, being fifty dollars, the jury found a verdict in accordance with it, under the instructions of the court. To this charge and instructions of the judge, the counsel of the defendant excepted, claiming and insisting that the rails in question were not a part of the freehold, and did not pass with the exchange, and that the defendant had a right to waive the

tort of the plaintiff, in the appropriation of the rails to his use, and set off their value against any claim he established in the exchange of the lands.

*J. M. Gillet*, for plaintiff in error, argued that nothing passed by the sale of land, except such as were fixtures, and such only as were distinctively such. To this point the counsel cited the case of *Walker v. Sherman*, 20 Wend. 636 ; that a fixture consisted of that which had a permanent annexation (42 Law Lib. 160) ; that the rails in question, not being laid into a fence were mere chattels, and could not pass by a sale or exchange of the land on which they were, as part of the realty.

*A. L. Williams*, for defendant in error, insisted that the rails in question, being strewn along the boundary line dividing the lands of the parties, and designed for a fence in that place, and not having been reserved by the defendant in the exchange of lands, and being situated upon lands which passed to the plaintiff below, in the exchange, were not chattels, but partook of the realty.

WHITON, J. The judgment rendered in this case by the circuit court of Fond du Lac county, must be affirmed, although we should be of the opinion that the court before whom the cause was tried erred in the instructions which it gave the jury.

The bill of exceptions shows that the suit was brought by *Parsons* against *Conklin* to recover the difference in value of certain lands which *Conklin* had agreed to pay to *Parsons*. On the trial *Conklin* offered to set off the value of certain rails, which he had placed along the boundary line of the land which he had conveyed to *Parsons* previously to the conveyance, and which were not laid up into a fence, but which had been placed on the line for the purpose of building the fence. The evidence to prove the set-off was objected to by the attorney of *Parsons*, but the objection was overruled by the court and

the evidence admitted. This decision we think erroneous. There was no evidence of a sale of the rails to *Parsons*, unless they passed by the conveyance of the land, and the right of *Conklin* to prove the set-off was claimed solely on the ground that there had been a converson of them by *Parsons*.

Without deciding the question whether a plaintiff, under the circumstances, could waive the tort and sue in assumpsit for the value of the rails, we think that our statute regulating set-offs will not permit a defendant to set off a demand of this nature. Rev. Stat. 278.

The statute allows a defendant to set off a demand for goods sold ; and we think the better construction of it to be, that he may set off such a demand where there has been an actual sale, and not, as in this case, a mere conversion of the property.

The bill of exceptions further shows that the court instructed the jury that the rails passed by the conveyance from *Conklin* to *Parsons* as a part of the freehold, and directed the jury to find for the plaintiff *Parsons*, and a verdict was rendered according to the instructions. It is clear that the instructions given to the jury corrected the error committed, in admitting the evidence to prove the set-off ; and it is equally clear that the judgment must be affirmed, although the instructions given to the jury were erroneous, for the reason that the only defense which *Conklin* interposed to prevent *Parsons* from recovering was the set-off, which, as we have seen, could not avail him.

But we are by no means satisfied that the instructions were wrong. We have been referred to no case which is exactly parallel to this, and can find none ; but the better opinion, we think, is, that where rails have been placed along the line of an intended fence, for the purpose of being laid into the fence, though not actually applied to that use, they pass by a deed of the land, there having been a manifest appropriation to the use of the land.

Judgment affirmed.