## KELTY VS. OWENS.

ACTION — WAIVER OF TORT. — In order to enable a party whose property has been wrongfully taken and converted by another to his use, to waive the tort and sue in assumpsit for the same, the tortfeasor must have sold the property and converted it into money, in which case the owner may ratify the sale and recover the price for which it was sold.

(4 Chand., 166.)

ERROR to the County Court for *Iowa* County.

Action of debt brought by *Owens* against *Kelty* for the recovery of various matters of account and for services rendered, and amongst other things, for two hundred and twelve fence rails at five dollars per hundred. The defendant pleaded *nil debit* and setoff. At the trial the plaintiff produced a witness who testified that he sold the plaintiff two hundred fence rails; that they were part of them in a fence around defendant's garden, and part of them scattered on the ground; that he had previously loaned them to defendant. Another witness testified to the fact that at the plaintiff's request he went to the defendant to get the rails, but the defendant refused to let them go. The plaintiff finally abandoned all his claims except for the rails. It was then proved for the defendant that he owned the land on which the rails were when the suit was commenced, and that they had been there ever since he bought the land of the government. The county court gave judgment for the plaintiff for one dollar and seventy-five cents and costs, and the defendant *Kelty* sued out a writ of error.

*Cothren & Knowlton,* for plaintiff in error, contended that the rails in question became the property of *Kelty* on his purchase of the land from the United States, they then being on the land, and cited *Elwees v. Mawes,* 1 Smith Lead. Cases, 114; Grady's Law of Fixtures, 13; 1 Cow., 572; 2 Hill, 142; 4 Denio, 180, 554; that there was no liability in this action on the part of *Kelty* to *Owens* for the rails; that a *tort* could not be waived in order to sue in debt (5 Pick., 285), and that debt could only be maintained for a sum certain, and the recovery in this case, if any, was for unliquidated damages. 1 Chitty's Plead., 120.

*Chas. & F. J. Dunn,* for defendant in error.

*Per Curiam.* There had been a conversion of the rails, as appears by the proof in this cause, and trover is the proper action, and not assumpsit or debt. In order to have sustained either of the last named actions, the tortfeasor must have sold the rails and converted them into money, when the contract might have been affirmed, and the owner brought his action for the price. This is the doctrine in Massachusetts, Pennsylvania and New York, and we are not disposed to extend it here to mere cases of *tort.* We should hold, however, in cases where goods have been obtained by fraud, also where apprentices or servants work for a tortfeasor, or where the tortfeasor is dead, and the action of trover is lost, that assumpsit or debt would lie. The judgment must therefore be reversed.