JOHN H. ELLIOTT, Plaintiff in Error,

*vs.*

ANDREW B. JACKSON, Defendant in Error.

ERROR TO THE KENOSHA COUNTY COURT.

An affidavit setting out a cause of action arising out of, sounding in, or founded upon contract, and a conformity of the cause of action set out in the declaration, or verbal statement thereof, to the kind of actions in which attachments are allowed by statute, are essential to give the justice jurisdiction of a proceeding by attachment.

To authorize the issuing of an attachment, there must be an *indebtedness* due upon contract expressed or implied.

Though the affidavit may pursue the words of the statute so as to authorize the issuing of the writ, yet, whenever it appears, either by the declaration or proof, that the real cause of action is not an indebtedness due upon a contract express or implied, but that it is founded upon a tort, the suit should be dismissed.

To allow a suit, commenced by attachment, to proceed after it becomes apparent that the sole cause of action is a tort, merely because the plaintiff was willing to make, and did make an affidavit to an indebtedness due upon contract, would be perpetrating a fraud upon the statute.

It is not every case in which the plaintiff may waive the tort and sue in assumpsit.

Where the tort-feasor has converted the property into money, the plaintiff may waive the taking and conversion, and sue for the proceeds in an action of assumpsit as for money had and received.

The plaintiff in such case is considered as ratifying the sale made of the property by the defendant, and in such case he can recover so much as the property brought, and no more.

This was an action of assumpsit brought before a justice of the peace of Kenosha county, by attachment, by the defendant in error against the plaintiff in error. The declaration was in the following words: "Plaintiff declares in assumpsit for goods had and received by the defendant to the plaintiff's use, to plaintiff's damage one hundred dollars." A bill

of items was also filed. The defendant filed three several pleas. 1st, the general issue. 2d, plea in bar setting forth that if the defendant ever had plaintiff's goods, he took them by virtue of an execution as constable, against one D. W. Kent, in whose possession the said goods were, and that the goods were delivered by said Kent to the defendant, and afterwards re-delivered to Kent upon payment by him of the said execution ; and 3d, "plea in bar," substantially the same as the second plea.

The cause was tried by the justice, who rendered a judgment against the defendant for $96.44 ; from which an appeal was taken to to the County Court of said county.

On the trial in the County Court, the defendant in error offered in evidence an inventory of goods made upon two pieces of paper, and attached together with a wafer, upon one of which pieces of paper at the head of the same, were the words and figures following :

"Antioch, Ill., June 13, 1850. A. B. Jackson Bo't of D. W. Kent."

Then follows a list of articles of merchandize. On the opposite side of the same piece of paper were the words and figures as follows :

"Antioch, Ill., June 13, 1850. Received of A. B. Jackson the within bill of goods to sell for cash on commission. (Signed,) D. W. Kent."

Further evidence was produced, showing that the plaintiff Jackson, in the absence of Kent, and without his knowledge or consent, removed a part of the goods to Wisconsin, and another portion of them to a barn in Antioch, and that on Kent's return, the goods were brought back from the barn to his

(Kent's) store. That Jackson again attempted to carry away said goods, but was prevented by Kent, and while they were quarreling about the goods, the plaintiff in error, Elliott, seized the goods, as constable, upon an execution in favor of one Chas. A. Hammond, against the said Kent. It was also shown that Jackson claimed the property after the levy, and that Elliott gave him notice that he might have an opportunity, under the statute of Illinois, to try the title to the property; but before the time of trial the said Kent satisfied the execution, and Elliott then delivered the key of the store containing the goods to Kent.

The counsel for the defendant then moved the court for a non-suit, and to dismiss the cause for the following reasons:

1st. The court has no jurisdiction by the process in this cause, of the subject matter of this suit, the said process being a writ of attachment issued pursuant to statute, only upon contract expressed or implied, and the subject matter of the suit as appears by the declaration of the plaintiff, and the proofs being a tort and not contract.

2nd. That if the court deem the declaration to be in assumpsit, or if the court be of the opinion that a question of tort would be and could be tried under a process of attachment, that the declaration is so defective that the plaintiff cannot recover. That the declaration which is in the words as follows (to wit:) "*Plaintiff declared in assumpsit for goods had and received by the defendant to the plaintiff's use to his damage, one hundred dollars,*" does not show enough to entitle the plaintiff to any remedy in an action of tort, for there was no allegation of a wrongful taking

*June Term 1854.*

*Elliott vs Jackson.*

or a wrongful conversion, and not an assumpsit, for the reason that the law will not imply that because the defendant has the plaintiff's goods, that he will pay money for them, and that the plaintiff should have declared either for goods sold and delivered, or money had and received, and that this was a defect in substance and not in form alone, and such defect could not be cured by defendant's pleading.

3d. That the court should dismiss said suit because there was no replication to defendant's second and third pleas, which were special pleas in bar in this, that the defendant there pleaded that he took said goods upon an execution, and that he was a constable duly authorized to serve an execution, and that said execution was issued upon a valid judgment; and that the said plaintiff admitted the truth of these pleas by not replying to them.

4th. That the said plaintiff has not shown enough either in law or evidence, to entitle him to recovery against the defendant in this cause."

Which motion was overruled, and the defendant excepted.

Judgment was rendered against the plaintiff in error for $91.79 and costs.

A motion for a new trial was made and argued by the plaintiff in error, which was denied; also a motion in arrest of judgment was argued, and denied; to both of which rulings exceptions were taken, and the cause was brought to this court by writ of error.

*Ingalls*, for the plaintiff in error.

*F. S. Lovell*, for the defendant in error.

*By the Court*, Smith, J. The practice attempted

to be introduced and sought to be sustained in this case, cannot be allowed.

This suit was commenced by attachment. The whole proceedings, as shown by the record, present merely an ordinary case, in which the property of a judgment or attachment debtor was levied upon and claimed by a third person; or, in other words, a fair case for the bringing of an action of trespass, trover, or replevin. But the suit was commenced by attachment, and it doubtless seemed necessary to the learned counsel for the plaintiff below, to bring himself, if possible, within the provisions of the Revised Statutes, which authorize the commencement of suits by attachment. Section 101, of chapter 28, of the Revised Statutes, provides that,—"Before any such writ of attachment shall be issued, the plaintiff, or some person in his behalf, shall make and file with the justice an affidavit, stating that the defendant therein is indebted to the plaintiff in a sum exceeding five dollars, and specifying the amount of such indebtedness, as near as may be, over and above all legal set-offs, *and that the same is due upon contract, express or implied*, or upon the judgment or decree of some court, and containing a further statement, &c."

The making of this affidavit, and the conformity of the cause of action to the nature of the proceeding contemplated and authorized by this statute, are essential to the jurisdiction of the justice of the writ thereby authorized.

The proceeding by attachment, with all its safeguards, is at best, a violent remedy, and we are not disposed to give to the statute a more liberal construction than a fair interpretation of its letter demands.

The very essence of the statute is, that to author-ize a proceeding by attachment, the cause of action must be *an indebtedness* over and *above all legal set-offs*, and that the same is due upon a contract, express or implied. This case is too clear to admit of a doubt. Neither the affidavit nor the declaration set forth a contract, or a state of facts from which a contract may be legally implied. The affidavit pursues the words of the statute, and therefore the justice was authorized to *issue* the writ. But whenever it appeared, either from the declaration or the evidence, that the true cause of action was not an indebtedness due upon a contract, express or implied, it became his duty to dismiss the case. It ought not to be per-mitted a plaintiff to bring suit by attachment, the subject matter of which is a tort, and nothing else, merely because he may have made an affidavit in pursuance of the statute, so as to entitle him to the writ, and then proceed to trial and judgment, after the real cause of action is apparent. This would be perpetrating a fraud upon the law. The object of the statute is to restrict the use of the word attach-ment to cases of indebtedness founded upon contract, in which the amount may be clearly ascertained and verified by the creditor. But if a trespass, or wrong-ful conversion, may be converted into assumpsit at will, and the aggrieved party be permitted to swear to his own estimate of his damages, as an indebted-ness which the law implies the alleged tort-feasor has promised to pay, the statute may, in nearly all cases, be evaded, and its wholesome restrictions ren-dered entirely nugatory.

There are some cases in which a party may waive the tort and sue in assumpsit. When the trespasser

has converted the property into money, the plaintiff
may waive the tortious taking and conversion, and
sue for the proceeds, as for money had and received.
He is considered as ratifying the sale made by the
defendant, and in such case he can recover so much
as the property brought, and no more. But of late,
courts have been rather inclined to restrict, than to
extend the class of cases falling within the rule
which allows the plaintiff to waive the tort and sue
in assumpsit. On an examination of the authorities,
it will be found that the reasoning by which this
practice was first allowed was rather ingenious, and
urged from the necessity of the case, than logically
correct, according to strict legal principles. In the
case of *Jones vs. Hoar*, 5 *Pick.* 284, this subject is
discussed at length, and especially in a note to the
same case, where all the leading cases are cited and
commented upon. The rule, as there established, is,
that only in cases where property tortiously taken
has been converted into money, can the plaintiff waive
the tort, and sue for the proceeds in assumpsit. In
the case of *Kelly vs. Owens*, 4 *Chand.* 166, the Su-
preme Court of this State held to the same rule of
decision, and we see no reason to depart from the
doctrine established by the court in that case.

In the case before us, there is no pretence of a sale
of the goods by the defendant below, nor any conver-
sion of them into money, or other thing of value.
The action of assumpsit, therefore, will not lie. This
is not a case in which the tort may be waived, and
it is apparent, from the character of the affidavit, and
the extraordinary character of the declaration, or
statement of the cause of action, that the only object
in view, in bringing an action of assumpsit, was to

June Term
1854.

Elliott
vs.
Jackson,
render the writ of attachment available. We cannot permit the statute to be thus defrauded, nor its wholesome restrictions evaded by a subterfuge of such kind. If the action of assumpsit can be sustained in this case, it can in every case in which an officer levies on goods or chattels claimed by another, and, indeed, in every case of mere trespass to personal property.

Of course, we have here had no reference to cases brought against an executor or administrator, or where the tort feasor is dead, and the action of trespass or trover is lost, or to the case of tortious enticing away or hiring of apprentices, &c. These and their like rest upon their own peculiar circumstances, and must be determined according to the legal principles applicable to each, as occasion shall require.

The views we have taken of the law applicable to this case are decisive, and it is not necessary to discuss the numerous legal propositions presented by counsel on the argument. It was the duty of the justice, and of the County Court, to have arrested the proceedings whenever it appeared that the cause of action was founded in tort, and not upon contract, and consequently one in which the writ of attachment was forbidden by the statute. The court or justice may be deceived by the affidavit of the plaintiff who sees fit to state an indebtedness founded upon contract; but when the evidence discloses the truth, and it is apparent that there is no such cause of action, no indebtedness, no contract, but a mere claim for damages, sounding wholly in tort, the court should proceed no further in the case than to nonsuit the plaintiff. The judgment of the County Court is reversed, with costs.