Pierce vs. Hoffman.

JONATHAN L. PIERCE, Plaintiff in Error,

*vs.*

NICHOLAS HOFFMAN, Defendant in Error.

ERROR TO MILWAUKEE CIRCUIT COURT.

A claim of the defendant for money taken and appropriated under such circumstances as would make the plaintiff guilty of larceny of the defendant's money while in the employ of the defendant as clerk, cannot be set off against the plaintiff's demand for wages.

A claim for moneys or goods embezzled or stolen is not a proper subject of set-off under our statute.

THIS was an action of assumpsit commenced in the County Court of Milwaukee county, by the defendant in error against the plaintiff in error. The declaration was in the common counts, with a bill of particulars for work and labor, as clerk in the store of the defendant, claiming a balance of $44.85. The plea was the general issue, with notice of set-off, accompanied with a bill of particulars, as follows:

"To divers goods, wares and merchandise (the particular times and amounts unknown), taken out of the store of the defendant by plaintiff at sundry times, without the consent or knowledge of defendant, during the last four years, supposed to amount to $500. To money in like manner taken and appropriated by plaintiff, of defendant, under same circumstances, supposed to amount to $500. Total, $1,000."

On the trial, after the plaintiff had rested his case, the defendant called a witness by whom he offered to prove that during the time the plaintiff was clerk in the defendant's store, he embezzled and appropriated to his own use, and deposited in bank to his own credit, several sums of money, amounting to several hundred dollars, under such circumstances as would make the plaintiff guilty of larceny of the money of the defendant, as a set-off in this action. This testimony was objected to and rejected by the court on the ground that it was not a proper subject of set-off, and the defendant excepted. The plaintiff had

verdict and judgment for $44.85, to reverse which this writ of error was sued out.

*Yates*, for the plaintiff in error.

*Wyman & Butler*, for the defendant in error.

*By the Court*, COLE, J.   The only question which we have to consider in this cause, is whether moneys feloniously taken can be made a proper subject of set-off in an action of assumpsit. This suit was commenced in the County Court of Milwaukee county, to recover a balance due for services as clerk; and on the trial the plaintiff in error proposed to prove by way of set-off, that during the time the defendant in error was a clerk in his store he had embezzled and appropriated to his own use and deposited in bank to his own credit, several sums of money, amounting to several hundred dollars, under such circumstances as would make him guilty of larceny.   This evidence was objected to and ruled out by the court, and exception taken by the plaintiff in error.

It was insisted upon the argument, that inasmuch as this demand from its very nature, was a liquidated one, or capable of being ascertained by calculation; and as an action for money had and received could have been maintained to recover the stolen money, it was a proper subject of set-off by the provisions of *sec.* 1, *subd.* 1, 3 *and* 5, *of chap.* 94, *R. S.*

No authority was cited as directly in point in support of this position, and in my examination, I have not been able to find a case in all respects parallel to the one at bar.

It is proper to remark that the right of set-off is given by statute, and did not exist at common law.   The statute of set-off proceeds upon the equitable principle that, when both debts are justly due by the neglect of each party to perform his agreement, the one debt should compensate the other.   *Downer vs. Eggleston*, 15 *Wend.* 51.   But a demand, in order to be a subject of set-off, must come fairly within the scope of the statute, being one arising upon a judgment, or upon a contract express or implied (*sec.* 1, *subd.* 1, *chap.* 94).   The statute applies to demands arising upon contract in contradistinction to those arising in tort.   And hence

courts have held that those demands, arising *ex delicto*, and for which either trespass, replevin, detinue or an action upon the case would be the appropriate remedy, cannot be set-off (*Sherman vs. Ballou*, 8 *Cow. R.* 304; *Barb. Set-off*, 32); although it is a very familiar principle of law that, when goods have been tortiously taken and sold, the owner may waive the tort, and bring an action of assumpsit for money had and received against the wrongdoer, and recover the proceeds. The late Supreme Court of this state say in *Conklin vs. Parson* (1 *Chand.* 240), that "the statute allows a defendant to set off a demand for goods sold; and we think the better construction of it to be, that he may set off such a demand where there has been an actual sale and not, as in this case, a mere conversion of property." That was an action of assumpsit to recover the difference agreed to be paid on the exchange of lands. Previous to the exchange of the lands, the defendant had placed rails along the line for the purpose of constructing a fence; and after the exchange the plaintiff had taken them and converted them to his own use. The parties admitted that the only matter in dispute was the rails, and that they were worth fifty dollars. Here, though the demand for the rails was a liquidated one, yet the court held that it was not a subject of set-off under the statute. It was not a demand arising upon a judgment, or a contract express or implied, in the sense in which the term contract is used in the statute. That term refers to demands resulting from the voluntary engagement of an individual to another, either express or implied in law, as distinguished from a liability originating in a tort or wrong unconnected with an agreement. *Elliott vs. Jackson*, 3 *Wis.* 649.

It follows from this view of the statute, that a demand, to be the proper subject of an offset, must not only be liquidated, or capable of being ascertained by calculation, but must be one arising upon contract in contradistinction to one resulting from a tort.

The judgment of the court below affirmed, with costs.