KEYES VS. THE MILWAUKEE AND ST. PAUL RAILWAY COMPANY, Garnishee.

25 691
59 LRA 354n

GARNISHMENT. *What property or indebtedness subject to garnishment.— Garnishee's rights as to set-off.*

1. *It seems,* that under our statute, garnishee is liable only for " property " which might be turned out on execution, or " indebtedness " for which an action of debt or assumpsit would lie in favor of the principal defendant.

2. Where property of the principal defendant was taken under a *bona fide* claim of ownership, and so used, in processes of manufacture or otherwise, as to lose its identity, it would seem that the garnishee's only liability therefor is in damages for the conversion (which is not the subject of garnishment).

3. If otherwise, the garnishee may avail himself in the garnishee action of any legal set-off, which he would have against the principal debtor.

4. A. having obtained possession of chattels under a judgment against B., and used them until the judgment was reversed, and the property awarded to B., the claim of the latter for such use would be a good set-off against any liability on his part to A., which might subject him to garnishment.

APPEAL from the Circuit Court for *Milwaukee* County. The plaintiff, having recovered a judgment against the Milwaukee and Minnesota Railway Company, garnished

the *Milwaukee and St. Paul Railway Company* as having property of and being indebted to the principal defendant. Issue was joined and a trial had in the garnishee suit; and it appeared that the garnishee had received from the judgment debtor certain materials, of the value of several thousand dollars, nearly all of which were afterward consumed in building and repairing locomotives, cars, etc. All further facts material to an understanding of the points discussed in the opinion are therein stated. The plaintiff appealed from a judgment discharging the garnishee.

*E. Mariner*, for appellant, insisted that the garnishee company was bound to know its own title, or want of title, to the property received, and was not excused from answering therefor because it had been wrongfully annexed to other property so as to lose its identity; that the principal debtor could not have maintained *assumpsit* against the garnishee, but might have brought replevin after a demand made, and could recover either the property or its value; and the present plaintiff is entitled to the same judgment (*Silsbury v. McCoon*, 3 Coms. 379; 2 Parsons on Con. [5th ed.] 136; 2 Kent. [11th ed.] 446; *Kelty v. Owens*, 4 Chand. 166; *Elliott v. Jackson*, 3 Wis. 649; *Latimer v. Wheeler*, 1 Keyes, 468; Laws of 1862, ch. 249, secs. 9, 15, 16, 27); that there is no just reason for limiting garnishment under our statutes to cases where the party is chargeable only in debt or assumpsit; that a liability in damages as for a conversion is subject to garnishment; and that such a liability is not itself a proper subject of set-off, and therefore no other liability can be set off against it. R. S., ch. 126, sec. 1, subds. 1 and 4.

*John W. Cary*, for respondent.

DIXON, C. J. It is exceedingly doubtful whether the defendant is liable at all to the process of garnishment under the statute, for the property taken and used

by it under the circumstances disclosed by the evidence. It has been often decided under statutes very similar to our own, that the "property" or "effects" in the "hands or possession" of the garnishee must be personal property in his possession, capable of being seized and sold under execution. It is laid down as a general rule, that the property must be in the actual possession of the garnishee, or within his control, so that he may be able to turn it out on execution. Drake on Attachment, § 482, and authorities cited. It is the right of the garnishee thus to deliver up the property and discharge himself from personal liability. Ib. § 661. This statement of the rule must of course be taken subject to the exception, where the garnishee fraudulently or wrongfully consumes or disposes of the property to evade the process. And it has also been often decided, that the indebtedness for which the garnishee may be charged must be a demand for which an action of debt or *indebitatus assumpsit* might be maintained by the principal defendant. Ib. § 545. And the decisions are likewise numerous, that for the wrongful conversion of property belonging to the debtor, the garnishee cannot be held liable. Ib. § 548, and authorities. It would seem to follow from these principles, if applicable under our statute (and I do not see why they are not), that this proceeding cannot be maintained. The property was taken by the defendant, the *St. Paul company*, under a *bona fide* claim of title. It was surrendered by the officers and agents of the Minnesota company, upon the supposition that the *St. Paul company* owned it and were entitled to the possession. The *St. Paul company*, acting upon such claim of title in good faith, then used the property in the manufacture and repair of the locomotives, cars, and other works upon the road; and, long before this proceeding was instituted, the separate existence and identity of the property were lost. It cannot be traced into the various cars and engines where

it has been used, and of which it forms but a very small part. This would seem to be a claim of unliquidated damages for the conversion of property, so clearly within the rule excluding the process of garnishment as to leave little or no doubt. The Minnesota company must have sued in trespass or trover, or, if replevin could have been maintained, it must have resulted in the company's obtaining the value of the property, and not the property itself.

But if we are wrong in this view (a point which we do not positively decide), and the statute should receive that liberal construction contended for by the counsel for the plaintiff, so as to charge the garnishee for the value of property thus obtained and used, then we should be bound to give the same liberal and equitable construction to save all just rights of the garnishee. If the *St. Paul company* is to be charged with the value of the property, it must be because the claim is, within the meaning of the statute, in the nature of a debt due from it to the Minnesota company. In that case the right of set-off would exist in favor of the former for any debt or sum of money due to it from the latter upon contract, expressed or implied. The *St. Paul company* in this case established such a claim against the Minnesota company, to an amount far exceeding the value of the property. The use of the rolling stock belonging to the *St. Paul company*, and obtained by the Minnesota company under an erroneous order of the circuit court of the United States for the district of Wisconsin, which order was subsequently reversed by the supreme court of the United States, is admitted to have been reasonably worth the sum of $25,000. The supreme court decided that the rolling stock belonged to the *St. Paul company*, and that the Minnesota company never had any title to or interest in the same, nor right to the use or possession thereof. 6 Wallace, 742. It is not pretended that the *St. Paul company* was ever in any manner compensated

for such use. The circuit court of the United States might perhaps have directed compensation, but it did not. There can be no doubt that the use of the rolling stock by the Minnesota company, under such circumstances, implied a promise or undertaking on its part to pay for such use, and that an action on such promise might be maintained by the *St. Paul company.* It was upon this ground that the court below discharged the garnishee. We are of opinion that the judgment in this respect was, at all events, correct, and should be affirmed.

*By the Court.* — Judgment affirmed.