## NORDEN VS. JONES.

JUSTICE OF THE PEACE: (1) *May amend return, when.* (2) *Amended return not rejected because not ordered by circuit court.* (3) *Judgment of, cannot be affirmed in part.*

TORT: (4, 5) *May be waived, and action brought on contract.*

1. The provision of sec. 212, ch. 120, R. S., requiring the return of a J. P. to the appellate court, of the testimony, etc., in the cause tried before him, to be made *within thirty days* after service of notice of the appeal, is *directory*; and a return not otherwise defective or improper should not be rejected because made after the time named.

2. If the return be defective, and a further or amended return be made by the justice, which the appellate court receives and acts upon, the fact that it was made without any *order* of the appellate court is no ground of objection.

3. Upon appeal from a justice's judgment for a less amount than fifteen dollars, the circuit court cannot, under our statute, affirm in part and reverse in part the judgment for damages; but if it finds the plaintiff not entitled to recover the whole amount of damages awarded by the justice, it must reverse absolutely.

4. It is the law of this state that if A. commits a trespass against B. by laying down B.'s fences and letting his cattle upon B.'s land, B. may *waive the tort*, and sue for the value of the pasturage of A.'s cattle, upon an implied contract; and he may *set off such a demand* in an action against him by A., as in other cases of demand on contract.

5. The contrary decisions as to the right to set off demands of this kind, in *Conklin v. Parsons*, 1 Chand., 240, and *Pierce v. Hoffman*, 4 Wis., 277, were made under subd. 3, sec. 1, ch. 94, R. S. of 1849, which is not found in the present revision of the statutes.

APPEAL from the Circuit Court for *Waupaca* County.

The action was originally brought by *Norden* before a justice of the peace, to recover on a book account alleged to be due from *Jones*. Defendant filed a counterclaim, and on the trial offered to prove an item in his account of six dollars, for pasturing plaintiff's cattle, and testified that plaintiff laid down his fence and let the cattle into the pasture. Plaintiff's counsel objected to this item as not being a subject of account, but a trespass on the part of plaintiff, which could not be proved in

Norden vs. Jones.

this form of action. The justice sustained the objection, and excluded the item. Verdict and judgment for plaintiff for $10.08 damages, together with $25.71 costs. Defendant appealed to the circuit court, where the case was tried on the justice's return. The item of six dollars for pasturing plaintiff's cattle was allowed by the circuit court, and the judgment of the justice was reversed as to this amount and affirmed as to the residue, judgment being entered in favor of plaintiff for $4.08 damages, and $33.71 costs of suit. A supplemental return made to the circuit court by the justice, of certain matters of evidence omitted by him through inadvertence in his original return, was received by the circuit court against defendant's objection. The original return of the justice was dated June 1, 1871, the supplemental return bearing date November 27, 1871, and being filed December 9, 1871. No order was made by the circuit court requiring the supplemental return.

Defendant appealed from the judgment of the circuit court.

*J. F. McMullen,* for appellant, argued that the supplemental return, being filed in the circuit court after the time prescribed by statute (2 Tay. Stats., ch. 120, sec. 230), should have been ruled out. All requirements respecting appeals must be strictly followed, or the appellate court does not acquire jurisdiction. *Chinnock v. Stevens,* 23 Wis., 396. The justice has no power, of his own motion, without an order from the circuit court, to file a supplemental return. Sec. 232, ch. 120, 2 Tay. Stats., authorizes the appellate court to direct a further amended return, but confers upon the justice no power to make such return of his own accord. The justice should have applied to the appellate court for leave to file an amended return. *Simpson v. Carter,* 5 Johns., 350; *Baker v. Webster,* cited in 3 Clint. Dig., 1970. 2. The circuit court could not reverse the damages found by the justice as to the six dollars, and affirm the judgment as to the residue. It should have reversed as to the whole judgment, or affirmed as to the whole. *Detling v. Webber,* 29 Wis., 559.

*E. L. Browne*, for respondent, contended that if a justice discovers his first return to be defective, and is willing to comply with the statute authorizing amended returns, without waiting for the order of the circuit court, such further return is entitled to the same force as if made after service of an order. See *Rudd v. Baker*, 7 Johns., 548 ; *Nett v. Serwe*, 28 Wis., 666.

DIXON, C. J. This case arose in a justice's court, where the judgment, exclusive of costs, did not exceed fifteen dollars; and the appeal here is from a judgment of the circuit court against the defendant for the sum of $4.08 damages, besides the costs of the action. There is thus added another to the long list of examples which the records of this court afford, of that earnest devotion to principle which so strongly characterizes the people and bar of this state; and the case suggests that we are at least entitled to a small share of the same praise bestowed by an eminent judge of a sister state upon the people of his commonwealth for their fidelity to principle exhibited under like circumstances. In *Pennsylvania Canal Co., v. Bentley*, 66 Pa. St. R., 32, Judge SHARSWOOD says: "This controversy is about a mule. Some great principles are supposed to be involved, which it is necessary that the court of last resort should settle. We often hear this alleged in cases in which it must be evident that the expenses will exceed the amount in dispute, or at least one would think the play not to be worth the candle. This ardent attachment to principle seems to be a marked characteristic of the people and bar of this state, and would be highly laudable if it were not accompanied with some counterbalancing public evils ; such as the great increase of the business of this court, and the harrassing of suitors. There were no less than thirteen points presented in writing to the court below, and the learned judge was required to navigate through all the shoals and narrows of negligence, and evidence of negligence; of contributory negligence, and the *onus probandi*. He did so, however, with

remarkable prudence and skill; and the printed argument of the plaintiffs in error has failed to convince us that he was guilty of a single error." The case before us is not so prolific of points, but the small sum in controversy demonstrates more clearly " the play not to be worth the candle."

The first error assigned is, that the circuit court ought not to have received and acted upon the further or amended return sent up by the justice. It is said that such return was irregular and objectionable, because it was not made within thirty days after the service of the notice of appeal, and because it was not directed by the court; and sections 212 and 214 of chapter 120, R. S. (2 Tay. Stats., 1398, §§ 230, 232) are cited. The provision of statute first cited is obviously directory, and a return, not otherwise defective or improper, ought not to be rejected merely because it was not made until after the lapse of more than thirty days from the time of service of the notice of appeal. And the objection that the court did not direct the return to be made is answered by the statement that the court received and acted upon it, which was equivalent to a previous order requiring the justice to make it. It was a ratification of the act of the justice in doing that without an order of the court, which the court would otherwise, on proper application, have been compelled to order the justice to do.

The amended return of the justice having been properly received, the second and only other error assigned is, that the circuit court improperly reversed in part and affirmed in part the judgment for damages in the justice's court, from which the defendant appealed to the circuit court. Upon looking into the return of the justice, the circuit court found that he had erroneously rejected an item of $6.00 in the account or counterclaim of the defendant, which should have been allowed against the demand of the plaintiff, and which, being allowed by the circuit court, reduced the judgment in favor of the plaintiff, as rendered by the justice, from the sum of $10.08 damages to $4.08. The circuit court accordingly reversed the judgment of

the justice as to the sum of $6.00, parcel of the damages, and affirmed it as to the residue, with costs in that court. After a careful examination of the question of law involved in the rejection of the $6.00 item, we are of opinion that the circuit court was correct in holding that the justice was in error when he excluded the evidence offered by the defendant in proof of the item. It was proper, therefore, for the circuit court to reverse the judgment of the justice, but in so doing the court could not reverse in part and affirm in part, as to the damages which had been recovered by the plaintiff. The law was so held in *Detling v. Weber*, 29 Wis., 559. There can be no doubt that some legislation is greatly needed upon this subject; but until the same is had, the rule of the case referred to, and others of an earlier date in this court, must prevail in appeals of this description. The judgment rendered by the justice should have been wholly reversed, instead of having been in part affirmed, as was done by order of the circuit court.

The question presented on the rejection of the $6.00 item is an interesting one, upon which there exists considerable contrariety of opinion and decision, both in England and this country. It was a charge of that sum made by the defendant against the plaintiff for pasturing the plaintiff's cattle, which the defendant testified the plaintiff had let into his, the defendant's, field, by laying down defendant's fence for that purpose. The objection sustained by the justice was, that the laying down of the fence and turning in of the cattle was a trespass on the part of the plaintiff, which could not be brought in or proved as a set-off or cross-demand in this form of action, but that the defendant must resort to his action of trespass against the plaintiff to recover the damages which he has sustained. It is not to be denied that there are numerous decisions of most respectable courts sustaining this view, while on the other hand there is an equal weight of most respectable authority also for holding that a promise to pay will be implied under such circumstances, upon which an action of *assumpsit* may

likewise be maintained. The question being new in this court under our present statutes, we are at liberty to adopt such rule as in our judgment will best subserve the ends of justice, which is or ought to be the object of all rules laid down in the course of judicial proceedings. The cases of *Conklin v. Parsons*, 1 Chand., 240, and *Pierce v. Hoffman*, 4 Wis., 277, were controlled by the language of subdivision 3 of sec. 1, ch. 94, R. S. 1849, then in force. That subdivision was omitted altogether in the present revision, thus making a material change in the law of set-off. R. S. 1858, ch. 126, sec. 1 (2 Tay. Stats., 1448, § 1). The language of the court in *Conklin v. Parsons* favors rather than disfavors the general right to waive the tort and sue in *assumpsit* for a mere conversion of property. And see *Keyes v. Railway Co.*, 25 Wis., 691.

Mr. Nicholas Hill, in his notes to the cases of *Putnam v. Wise*, 1 Hill, 240, and *Berly v. Taylor*, 5 Hill, 584, has collected nearly all the adjudications up to the time of publication (1844), as well those which hold the narrower rule, which in general limits the right to waive the tort and sue in *assumpsit* to cases where goods have been taken from the plaintiff and sold by the wrongdoer and the money received by him, as those which establish a more liberal principle by declaring the right of the injured party to waive the tort and bring *assumpsit* in a variety of cases where the fruits of the trespass or wrong have not become or been turned into money or its equivalent in the hands of the tortfeasor. Judge RED-FIELD, in *Centre Turnpike Co. v. Smith*, 12 Vt., 217, resolves the cases coming within the narrower rule into four classes, to which the case of *Jones v. Hoar*, 5 Pick., 290, adds a fifth class not named by Judge REDFIELD. The underlying question in all the cases obviously is, When and under what circumstances will the law imply a promise on the part of the defendant to pay ? " It is a principle well settled," say the court, in *Webster v. Drinkwater*, 5 Greenl., 322, " that a promise is not implied against or without the consent of the person attempted to be

charged by it. And where one is implied, it is because the party intended it should be, *or because natural justice plainly requires it, in consideration of some benefit received.*" Tested by the latter as the governing principle upon which the law raises a promise to pay, it is very obvious that the more liberal rule is the correct one, and that which should prevail.

And such is the rule for which Mr. Hill contends, of whose great ability and acknowledged attainments in his profession it is unnecessary for us here to speak. It will be conceded by all that his opinion is entitled to very great weight, sustained as he is by the language of the court in the two cases to which his notes are appended, as well as by other decisions to which he refers, and especially those in New Hampshire and Maryland. *Hill v. Davis,* 3 N. H., 384; *Stockett v. Watkins,* 2 Gill & John., 326, 342–3. We give the concluding portion or paragraph of his note to the first case, with his citations, as they appear in the volume above referred to. He says: " The above cases from the Maryland and New Hampshire reports are sustained by the *dicta* of JACKSON, J., in a Massachusetts case decided some time previous to *Jones v. Hoar, supra (Cummings v. Noyes,* 10 Mass. R., 433, 435–6). And see the observations of MAISON, senator, in *Butts v. Collins,* 13 Wend., 153–4; also *Ford v. Caldwell,* 3 Hill (S. C.), 248, especially the opinion of RICHARDSON, J., p. 250. They seem also in accordance with the principle of several English decisions, viz., that the tortfeasor shall not be allowed, under such circumstances, to set up his own wrongful intent in disavowal of the implied promise which the law would otherwise raise against him. Chitty on Contracts, 6; *Hill v. Perrott,* 3 Taunt., 274–5, *per curiam; Lightly v. Clouston,* 1 id., 112, 114, *per* MANSFIELD, C. J.; 1 Leigh's N. P., 4, 5; *per* MAISON, senator, in *Butts v. Collins,* 13 Wend., 154–5. Apart from all reasoning of a technical or artificial character, *and looking to the substantial ends of justice,* it is quite difficult to see why this principle should not be applied in cases like *Jones v. Hoar,* and *Willett v. Willett, supra.*

Norden vs. Jones.

In neither could the defendant have been prejudiced by allowing the plaintiff to sue in *assumpsit;* on the contrary, the practice generally operates to favor the defendant, as the plaintiff thereby foregoes his right to damages for the tort as such, and restricts himself to the simple value of the property. See *per* Lord MANSFIELD, in *Lindon v. Hooper*, 1 Cowp., 419 ; *per* BAYLEY, J., in *Foster v. Stewart*, 3 Moule and Selw., 201–2 ; *per* MAISON, senator, in *Butts v. Collins*, 13 Wend., 156. The defendant, moreover, gets the right of set-off, which would be precluded by denying the plaintiff his election. *Per* HEATH, J., in *Lightly v. Clouston*, 1 Taunt., 114, 115. Nor would the defendant be likely to suffer embarrassment by the form of pleading. *Per* Lord MANSFIELD, in *Lindon v. Hooper*, 1 Cowp., 414, 419. And clearly he could not be said to incur any hazard from a second action in tort for the same matter. See 1 Phil. Ev., 333, 7th ed.; *Rice v. King*, 7 Johns., 20.; *McLean v. Hugaren*, 13 id., 184."

And in his remarks upon the second case (5 Hill, 584), he says that " the observations of the judges in *Young v. Marshall*, 8 Bing., 43 (21 E. C. L., 215), are worthy of attention as illustrating the principle on which the English doctrine rests. The action was for money had and received, and was brought by the assignee of a bankrupt, against the sheriff, on the ground that he had wrongfully sold goods belonging to the plaintiff on a *fi. fa.;* and it was objected that the action should have been trover, especially as the money had been paid over to the execution creditor before suit commenced. The court, however, overruled the objection, holding that the plaintiff *might* but was not *bound* to go for the tort. TINDAL, C. J., there stated the rule to be, that ' *no party is bound to sue in tort, where, by converting the action into an action on contract, he does not prejudice the defendant;* and, generally speaking, it is more favorable to the defendant that he should be sued in contract, because that form of action *lets in a set-off,* and enables him to pay money into court.' BOSANQUET, J., denied that the plaintiff who

brings *assumpsit*, in such case, thereby affirms the acts of the sheriff; '*he merely waives his claim to damages for a wrong*, and seeks to recover only the proceeds of the sale.'"

And still another most material advantage which the wrong-doer derives from the waiver of the tort and suit in contract, in this state, is freedom from arrest and imprisonment, to which he would otherwise be liable and might be subjected.

We conclude, therefore, that the doctrine of the authorities above quoted, and for which Mr. Hill contends, is the better one, and must accordingly hold that the justice was in error when he excluded the evidence offered by the defendant in support of the item in his counterclaim against the plaintiff for the pasturage of the plaintiff's cattle.

The judgment of the circuit court must be reversed, and the cause remanded with directions to that court to reverse the judgment of the justice.

*By the Court.* — It is so ordered.