## STATE OF MINNESOTA *vs.* EDGAR JOHNSON.

### May 31, 1877.

Criminal Trial—Election by Prosecution where more than one Offence is Proved.— Where, upon the trial of an indictment, in which the time alleged for the commission of the offence is not material, the evidence tends to prove an offence committed on a day other than that alleged in the indictment, and a precisely similar offence committed on the day alleged in the indictment, the state may elect for which it will proceed.

Same—Motion to Strike Out Evidence.—If a party does not object to evidence offered, it is discretionary with the trial court to grant or refuse his motion, after it is received, to strike it out, upon an objection which was apparent to him, and which he might have made, when the evidence was offered.

Appeal by defendant from a judgment of the district court for Faribault county, *Dickinson,* J., presiding.

*Benj. G. Reynolds,* for appellant.

*Geo. P. Wilson,* Attorney General, for the State.

GILFILLAN, C. J. The defendant was indicted for larceny, in stealing wheat, alleged in the complaint to have been committed on December 19, 1875. On the trial the state

offered evidence which tended to prove a larceny committed on the 26th of December. This evidence was objected to on the ground of the variance in dates, but was admitted. There can be no question that this was right. The time of the commission of an offence, alleged in the indictment, is, as a general rule, immaterial, and does not confine the proofs to the exact time alleged. As the trial proceeded, the evidence of the state tended to prove a similar larceny on the 19th. This was not objected to, as it might have been; but the defendant thereupon moved to strike out all evidence showing a larceny on any day but the 19th; which was denied, and the state asked leave, and was allowed, to elect for which of the two larcenies it would proceed, and it elected to proceed for that on the 26th. In both of these rulings the court was right.

The defendant then moved to strike out the evidence of larceny on the 19th, which motion was denied. The objection to a part of this evidence was as apparent when it was offered as after it was in, and, by not objecting to it when offered, defendant lost his strict right to have it excluded. If a party does not object to evidence offered, it is discretionary with the trial court to grant or refuse his motion, after it is received, to strike it out, upon an objection that was apparent to him, and which he might have made, when the evidence was offered.

As to the other evidence, tending to show a larceny on the 19th, it also tended to show one on the 26th, and was proper to prove the offence for which the state elected to proceed.

The court could, in its charge, protect the defendant against any prejudice from the fact that evidence pertinent to prove the offence on the 26th also tended to prove another offence; and, in the absence of the charge from the record, it not being in the return, the presumption is that it did so.

Judgment affirmed.