[See Case No. 8,668.]

---

## Case No. 8,668.

### McCABE v. WINSHIP.

[17 N. B. R. 113.] [1]

District Court, D. Minnesota. Dec., 1877.

BANKRUPTCY—STORAGE RECEIPT—RIGHT TO OFFSET AGAINST ASSIGNEE—TORT.

1. The bankrupt was extensively engaged in manufacturing flour and storing grain in an elevator attached to its mill. Defendant, prior to the bankruptcy, and in ignorance of the insolvency of the corporation, purchased a storage receipt which had been issued by it, and subsequently demanded a delivery of the grain, which was refused. In an action brought by the assignee to recover money of the bankrupt which the defendant had in his possession at the time of adjudication, *held*, that the value of the grain so converted might be set off.

---

[1] [Reprinted by permission.]

2. Where the set-off is founded on a duty which the plaintiff owes the defendant, the wrongful act can be waived and a set-off is proper; but where the cause of action is a tort, then the wrongful act cannot be waived.

At the time of adjudication in bankruptcy the defendant had in his possession money belonging to the corporation. This suit is brought to recover it. The bankrupt was extensively engaged in manufacturing flour and storing grain in an elevator attached to its mill. Previous to the bankruptcy, and in ignorance of the insolvency of the corporation, defendant purchased a storage receipt issued by it to Paul McKinstry for four hundred bushels of wheat, and had demanded a delivery of the same, which was refused. To maintain the issues on his part, the defendant offered in evidence, under the plea of set-off, this receipt properly assigned to him, which is in the words and figures following: "Winnebago City, March 20, 1877. 400 Bush. Received of Paul McKinstry, four hundred bushels of No. One hard wheat, at his risk in case of fire, and free from storage until sold. Winnebago City Mill Co., Per J. M. Cusson, Sec'y." Endorsed: "I hereby transfer and sell to J. F. Winship all interest, right, and title to the within storage receipt. Paul McKinstry. April 20, 1877." The counsel for plaintiff objected to this evidence for the reason that it was not a proper subject of set-off. It was admitted, and after the value of wheat per bushel had been proved, the jury found a verdict for the defendant. A motion is made for a new trial.

Gilman, Clough & Lane, for plaintiff.

A. C. Dunn, for defendant.

NELSON, District Judge. Where the defendant could waive the tort, and sue for the value of goods converted, he can plead a set-off to an action ex contractu. The bankrupt law recognizes such a claim, which is provable, section 19, Bankruptcy Act [of 1867 (14 Stat. 525)]; and the value of the property is the measure of damages, and is as certain as in any action to recover for the non-payment of a debt. As stated by Mason, Senator, in Butts v. Collins, 13 Wend. 139, the rule is quite general that a demand sounding in tort cannot be set off to a demand in contract; but it is equally true that in a variety of cases there is an election of actions, and the tort can be waived; and it is the better opinion at this day, in such cases a set-off will be allowed. The rule is this: where the set-off is founded in a duty which the plaintiff owes the defendant, as, for instance, the duty to deliver property as bailee, the wrongful act can be waived and a set-off is proper; so in all cases where a price or value is set upon the thing in which the offence is committed; but where the cause of action is a tort ("supposed to be by force against the public peace"), then the wrongful act cannot be waived—instance, actions for assault, false imprisonment, nuisance, etc. To forbid

an election of actions and set-off, "the injury must be of that kind by which the offender gains nothing at the expense of the sufferer, and damages as a reparation for the injury must be assessed by estimates and opinion of the jury." In this case the bankrupt was in duty bound to deliver the wheat when demanded, and a set-off was proper.

Dixon, C. J., reached the same conclusion in an able opinion (33 Wis. 600), and referring to the note of Mr. Hill in the report of Putnam v. Wise, 1 Hill, 234, concurs in the views there expressed. The doctrine of set-off as allowed in this case was recognized by the U. S. supreme court (Allen v. U. S., 17 Wall. [84 U. S.] 207), and by Walworth, Ch., in a very forcible opinion (6 Paige, 227). An examination of the following authorities is profitable: 1 Cowp. 372, 491; 1 Taunt. 112; 3 Taunt. 274; 5 Taunt. 56; 8 Taunt. 21; 3 Term R. 560; 15 Wend. 58; 1 Hill, 234, note; 6 Paige, 227; 13 Wend. 156; 33 Wis. 600.

Motion denied.