THOMAS F. BRADY *vs.* WILLIAM P. BRENNAN and another.

July 22, 1878.

**Motion to strike out Evidence.**—When a motion is made to strike out evidence received without objection, and the real ground of the motion is the want of sufficient allegations in the pleading, it is discretionary with the court below to grant or refuse the motion.

**Wrongful taking and sale of property—Presumption as to Price—Action of Contract—Counterclaim.**—Where one wrongfully takes and sells the property of another, the owner may sue as upon contract for the money received at such sale; and there being no proof to the contrary, the jury may presume that the sale was for cash, and for the value of the property; and such a claim is a proper matter for counterclaim in an action on contract.

Appeal by plaintiff from an order of the district court for Stearns county, *McKelvy*, J., presiding, refusing a new trial, after verdict for defendants.

*D. B. Searle*, for appellant.

*Taylor & Storey*, for respondents.

GILFILLAN, C. J. Action on a promissory note. Defendants pleaded, as a counterclaim, that "the said plaintiff had and received of these defendants four steers, each of the age of three years, and there and then of the just and full value of $120, which said sum the plaintiff was owing to these defendants at and before the commencement of this action." This counterclaim is badly pleaded, for it does not show a sale of the steers, nor how they were had and received by plaintiff. No exception, however, was taken to it, and the

defendants introduced evidence that plaintiff had, without their consent, taken the steers from their possession and sold them. There was no direct evidence that plaintiff actually received anything on such sale, nor for how much he sold them. After the evidence was in, plaintiff moved to strike it out as incompetent, irrelevant and immaterial, and because it tends to prove a claim for damages arising out of tort, and not a counterclaim. If the facts had been properly pleaded, proof of them would have been relevant and material, and the real ground of objection is the absence of proper allegations in the answer, and it was as apparent before as after it was received. Where the objection is thus apparent, if the party makes no objection to the evidence when offered, it is discretionary with the court to grant or refuse a motion to strike out. *State* v. *Johnson*, 23 Minn. 569. The question of variance may be raised after the evidence is in, the party showing that he had been misled by it; but the question of variance was not raised. It does not appear that the discretion was not properly exercised.

The question, upon which there is much diversity of decision, whether when one wrongfully takes and appropriates the property of another, the owner may waive the tort and sue in *assumpsit* upon an implied promise to pay the value, is not raised by the evidence; for the cases which restrict this right of election to the narrowest limits admit that if the wrong-doer has sold the property, the owner may sue, as upon contract, for the money received at the sale. In this case, there was evidence of a sale; and where there has been a sale, and there is no proof to the contrary, the jury may presume that it was for cash, and for the value of the property. *Burnap* v. *Partridge*, 3 Vt. 144.

If a suit as upon contract could have been sustained on the transaction, it is a proper matter of counterclaim in an action on contract.

Order affirmed.