[Cuyahoga County Circuit Court, September Term, 1894.]

Baldwin, Caldwell & Hale, JJ.

CHARLES HATHAWAY ET AL. v. W. A. GORDON.

1. UNLIQUIDATED DAMAGES AS A SET-OFF—NATURE OF A CLAIM CONTROLS ITS CHARACTER—DEFAULT FOR AMOUNT ADMITTED BY ANSWER TO BE DUE.

Where the plaintiff sets up two causes of action in his petition, one on a promissory note and the other for a balance due him for services earned under a contract between himself and the defendants, and the answer sets up three defenses all arising out of the same contract for services set up in the second cause of action in the petition, and the amount defendant claims due him is more than the plaintiff claims in his petition, and the answer denominates the defenses "counterclaim," it is error for the court, under section 5320, statutes of Ohio, to render judgment on the first cause of action in the petition, on the ground that the answer sets up no defense to it.

2. ACTS SOUNDING IN TORT, ALTHOUGH FOUNDED ON A CONTRACT, AS A SET-OFF TO AN ACTION FOR MONEY ONLY.

Where a contract between A and B has been performed by A in such a negligent and tortious manner as to cause B large and unnecessary expense, and cause him to pay heavy damages to others injured by the careless manner in which A performed the contract, and A thereafter sues B on a contract arising out of another transaction, B may in his answer plead by way of set-off the damages he has suffered by the negligent manner in which A performed said contract, providing he pleads the same as sounding in contract and not in tort.

CALDWELL, J. (orally).

W. A. Gordon brought his action against Charles Hathaway et al. in the court below, and in his petition set up two causes of action. The first cause of action was upon a note praying judgment for a certain amount; the second cause of action was for an amount due him for work and labor in which he had rendered services under a contract with the defendants below—plaintiffs in error here.

The defendant answered the petition and set out three defenses: First that in the employment of Gordon to work for them, he, in rendering services under that employment and under that contract, had neglected to perform his duties and had failed to comply with the contract, and specifying that he did not get the work from the men that he should have done; that he allowed material to go to waste; in other words, failed to keep the contract. These three defenses are denominated counterclaims to the plaintiff's second cause of action, which was the action for wages due him under a contract of service. The second defense is also denominated a counterclaim, and that avers that under this agreement under which he was working for them he negligently and carelessly performed his duties, and allowed certain railroad materials to be put in the street in such manner that a person passing along was injured, breaking his arm, and that the plaintiffs in error, were compelled, by reason of such injury, to pay $1,000 damages to the party who was injured. The third defense, which is also denominated a counterclaim to plaintiff's second cause of action, is, that in performing his duties under this contract of hire he was careless and negligent in leaving a hole in such a manner that a person coming along from the street was injured, and they were required to pay a certain amount of money to settle that matter with the person injured. The pleadings being in this condition, the plaintiff below moved for judgment on his first cause of action under section 5320, Revised Statutes of Ohio, "When all or part of one or more of the causes of action are not put in issue by the answer, judgment may be taken, as upon a default, for so much of the plaintiff's demand as is not put in issue by the answer, upon any or all of the causes of action, without prejudice to the rights of the plaintiff as to that portion of his demand disputed." The court below granted the motion and

gave judgment on the first cause of action. A petition is brought here to reverse this action of the court below in allowing the first cause of action to go to judgment. It is insisted here before us that these defenses which are pleaded are defenses not only to the second cause of action in the petition, but also to the first cause of action; that they may be a counterclaim, and are a counterclaim to the second cause of action, and are a set-off to the first cause of action. Although they are denominated counterclaims, yet, if they have within them the material which entitles them to be construed as a complete defense to both causes of action in the petition, merely denominating them counterclaims in the answer should not govern the court in the consideration of them; but their real nature and character should govern. If in their nature and character they are defenses to both causes of action in the petition, they should have been so considered by the court below. That was what was insisted upon below; that there was a complete defense that would cover both causes of action in the petition, and cancel the amount claimed, it being much larger than that claimed in the petition. It was error, therefore, it is urged, for the court to allow judgment on the first cause of action in the petition.

This brings us to the consideration of the question of whether these defenses that are set up may be considered a set-off to the first cause of action in the petition. It has been determined in this state by the Supreme Court in *Needham* v. *Pratt*, 40 O. S., 186, that a set-off may be upon a claim growing out of a contract for unliquidated damages; this has been recently cited and approved by the Supreme Court of our state; and it may be now settled in this state that a set-off may be upon a claim where the damages are unliquidated.

The next question that arises is one that has not been decided in this state, so far as we know, and that is whether an action that sounds in tort, although founded upon a contract, may be a set-off to an action for money only. There is a large class of these cases where a party may sue, as upon tort, or sue and bring an action sounding in contract. If the action is founded in contract and is brought as sounding in tort, then may it be pleaded as a set-off to an action at law? We think the true rule is this, that if a cause of action sought to be a set-off is one growing out of a contract and suit may be brought on it sounding in tort or in contract, and the party holding the right may elect between the two kinds of remedial proceeding, and does in fact elect to sue on contract, the demand thus determined to be upon contract may be pleaded as a set-off against plaintiff's cause of action arising on another contract.

Now, there is no question but that the answer pleads these three defenses as arising upon contract, and not as in tort. We refer to Pomeroy on Remedies and Remedial Rights, section 806; and *Norton* v. *Jones*, 33 Wis., 604. That was an action on a large account. The defendants set up by way of defense that the plaintiff had laid down a fence between them and turned his cattle in on defendants' land and pasture, and charged him upon the implied agreement to pay for the pasture. The question there was not upon a contract which was clearly made, but upon an implied contract; and the trial court considered it as not a proper set-off. The Supreme Court reversed this holding and held that the action was one sounding in contract and not in tort; that the defendant was not seeking to sue for trespassing, but for an implied promise to pay for pasture that he had used; and that being so, there could be that implied contract. The main question in that case was whether, as considered by the court, the party could waive tort and sue on an implied contract. But that is not involved in this question and it is not necessary to consider it, as the set-off in this case arises out of an express contract.

Another case is *Wood* v. *Major*, 73 N. Y., 556. There an officer had assigned his claim for his services to another party, and the person who had received the claim sued the city for the amount due. The city pleaded as a set-off an amount of money that the party who had assigned the claim, owed to the city, which he had wrongfully received, and the city set it up as money had and

receiveu; ana while it was necessary to state the manner in which the money, was received, which would involve tort, yet the court decided that, although these matters may be set up, yet if the set-off shows that the party is trying to recover upon an agreement or implied agreement it was a proper matter of set-off. The implied agreement was that he would refund the money that he had received without any consideration.

In 2⁵ Minn., 210, *Brady* v. *Brennan*, the court held that a party in that case had no election to waive the tort and sue on an implied contract, if there was no implied contract. Defendant had a right, as claimed, to property, having bought it at foreclosure sale, and the party who was in possession of the property, who had been the owner of it, held over and refused to give up his claim to it; and the party thus holding over finally sued the purchaser upon a matter unconnected entirely with the matter of the land, and the person who had bought the property undertook to set off an amount of rent due him. The court held there was nothing due, for the party was holding adversely, and that being the case there could be no implied contract to pay rent while he remained on the premises. But it proves the doctrine that if there was an implied contract between the parties, it might be used by way of set-off. In *Barnes* v. *McMullins*, 78 Missouri, 266, this doctrine is very fully considered, the court holding the same way; and there is a case very much like the one before us: *Nixon* v. *McCrory*, 101 Penna. State, 293. The syllabus of that case is this: "A brought an action against B on a promissory note. B files an affidavit of defense, setting up that he had employed B as engineer on a boat belonging to him; that B had left the boat at a foreign port, and had conspired with, and induced the crew of said boat also to desert her; that he had, in violation of his duties, left the boat with a high pressure of steam in her boiler, with a large fire under her boilers, and the fire doors closed, in consequence of which the boilers were injured. B sought to set off the damages resulting to him from A's conduct as above, against the claim in suit:

"Held, that said damages were to be viewed as resulting from a breach of contract, and therefore constituted a valid set-off."

There are a great many other cases holding this same doctrine, and the tendency of the courts under the codes seems to be in this direction.

This being the case, we think the court below erred in allowing judgment to be taken on this note, because, while these were not denominated as being pleaded to the first cause of action, yet they were clearly defenses set up in the answer which covered the first cause of action, and that being the case no matter what they were denominated, the court should have refused the motion for judgment. Judgment is reversed, and the case is remanded for further proceedings.

*C. E. Pennewell*, for Plaintiff in Error.

*R. T. Morrow*, for Defendant in Error.