JEREMIAH ADAMS *against* JOHN BROWNSON.

In an action brought against a surviving partner upon a promissory note, alleged to have been sign-ed by the de-ceased partner in his life-time, in the name of the firm, proofs of his confes-sion that he signed it, ad-mitted to be given in evi-dence.

CASE on promissory note.

Attach *John Brownson,* surviving partner of the late firm of *Hyde & Brownson,* to answer, &c. to *Je-remiah Adams,* &c. for that whereas *Lemuel Hyde,* since deceased, and the said *John Brownson,* mer-chants, trading in company at *Whitehall,* in the County of *Washington* and State of *New-York,* to wit, at *Rutland,* &c. on the 1st day of *August,* 1799, did make, execute and deliver to the plaintiff their certain memorandum or note in writing commonly called a promissory note, of that date, subscribed with the proper hand of the said *Lemuel Hyde,* for himself and the said *John Brownson,* under the firm of *Hyde & Brownson,* in and by which promissory note, for value received of the plaintiff, they promised to pay him 500 dollars in six months from the date of said note, with legal interest of the State of *New-York.* By reason of all which the said *John Brown-son,* as surviving partner of said firm, became obli-gated to pay, &c. and assumed, &c.

Plea, *non assumpsit.*

Defence, that no partnership ever existed between the defendant and *Lemuel Hyde.*

The plaintiff offered in evidence the note declared upon, and offered to prove the signature of *Hyde* by his confession.

The counsel for the defendant insisted, that as there is a subscribing witness to the note, he should be produced. They observed, that it was not the most substantial part of their defence that the note was not signed by *Hyde;* but they wished to examine the subscribing witness, and expected to have shewn by him, that though the note might have been signed by *Hyde* in the name of the supposed firm of *Hyde & Brownson,* yet that the plaintiff did not credit or rely entirely on the existence of the partnership at the time of the contract, but charged the goods, which were the consideration of the note, thirty per cent. above their real value in the market; and it was well understood between the plaintiff and *Hyde,* at the time of making the note, that the extra advance was made in the price of the goods, on account, as the plaintiff expressed it, of its being uncertain whether he could prove the partnership; that relying upon the plaintiff's producing the witness, the defendant had failed to summon him. They therefore objected to the confession of *Hyde* being heard in evidence.

JACOB, Judge.   I am for admitting the confession of *Hyde* to prove the execution of the note. This is a distinct matter from the question of copartnership.

Adams
v.
Brownson.

To put the plaintiff upon producing the subscribing witness, will operate a surprise upon him.

TYLER, Judge. I have long considered that some general rule ought to be adopted to prevent the defendant in action upon promissory note from surprising the plaintiff by insisting on trial upon the testimony of the subscribing witness, in cases where it is obvious the execution of the note is not designed as a substantial defence, but merely to operate delay. Perhaps this evil can better be corrected in Courts which have the original jurisdiction of causes of this nature; and it would be desirable that the several County Courts would adopt as a general rule, " that in all actions upon promissory note, the execution of the note should be considered as confined, unless the defendant, by the second day of the term of entry, should give notice to the plaintiff, by a minute on the docket, signed by his counsel, or attested by the Clerk of the Court, that he meant to contest its execution."

As no such rule exists, in the present case I consider that the defendant has a right to examine the subscribing witness, and might safely rely on the plaintiff's producing him.

It is not stated that the defendant personally signed this note, or had any individual knowledge of the contract. If he has assumed to pay it, it is by operation of law, and dependent on the existence of the partnership between him and *Lemuel Hyde*, since deceased. The principle of law which renders the partners in a firm of merchants accountable for the contracts of each other, is directed to prevent imposition, that he who is bankrupt shall not obtain credit

by a connection merely ostensible with him who is opulent, and that he who is opulent shall not take the avails of a contract made by a seeming partner, who is unable to respond for them. Therefore, in all cases of this nature, the Court have allowed a very liberal latitude. In the proof of partnership a plaintiff prosecuting defendants as partners in trade has not been confined to shew articles of copartnership. The annunciation of the firm in the public newspapers, an open store, sign-board, or books of the company. But he may shew a variety of joint contracts made by them in such manner as would induce a general and rational belief that they were connected in trade. This has been done to prevent imposition upon those who might deal with them.

Adams
v.
Brownson.

If in the course of this trial it should remain doubtful whether the defendant was in partnership with the deceased at the time of the contract, and the testimony should rather preponderate in favour of a partnership, it would be a matter of importance with me to discover in what light the plaintiff viewed the connection between *Brownson* and *Hyde* at the time of the making the note in question. Did he part with his property upon the credit of the firm, or did he contract with *Hyde*, understanding that the partnership was a matter of uncertainty, and that its existence was denied by the defendant? Is the plaintiff one whom the law will and ought to protect from imposition, or has he voluntarily and with his eyes open, entered into the contract with *Hyde*, and made an advance upon his property as a premium for his risk in proving the partnership.

I am not therefore for dispensing with the attend-ance of the subscribing witness ; and it is my opinion that evidence of the confession of *Hyde* to the exe-cution of this note, cannot be admitted. But as I would not prejudice the plaintiff, I shall be inclined to grant him a continuance.

Chief Judge. If the action had been originally commenced in this Court, I should not be for admit-ting the confession of the maker of the note to be heard in evidence, but I consider that the defendant, who put the plaintiff upon proof of the partnership, has, by the trial at the lower Court, had access to the note declared upon, discovered who was the sub-scribing witness, and had sufficient time to inquire whether his appearance on the stand would benefit him. If he considered his testimony material in his defence, he should have summoned him to appear.

I am therefore for admitting the evidence of the confession of *Hyde* to the making of the note.

Evidence admitted.

*Cephas Smith*, Junior, and *John Cook*, for plaintiff. *Smith & Prentice* and *Chauncey Langdon*, for de-fendant.