The Western Assurance Co. vs. Towle, imp.

THE WESTERN ASSURANCE COMPANY, Respondent, vs. TOWLE, imp., Appellant.

*December 3, 1885 — February 23, 1886.*

PLEADING: ACTION: PARTNERSHIP: EVIDENCE. *(1, 2) Tort or contract: Waiver of tort: Money fraudulently obtained: Attachment. (3) Admissions by one partner.*
INSURANCE AGAINST FIRE. *(4) Payment induced by fraudulent overestimate of loss: Amount recoverable: Forfeiture: Equity.*

1. Where money has been obtained by false representations, the party defrauded may waive the tort and recover upon an implied contract to return the money so obtained.
2. A complaint alleged that the defendants had procured the payment · to them by the plaintiff of $1,000 upon a policy of insurance against fire, by means of false and fraudulent representations and proofs of loss and by false swearing as to the extent of their loss; and that repayment thereof had been demanded and refused. Judgment was demanded for said sum of $1,000, and interest from the time of its payment to the defendants. The plaintiff also procured an attachment to issue in the action. *Held,* that it would be presumed

that a cause of action on contract was intended to be stated, in order to sustain the attachment; and, the facts alleged being sufficient upon that theory, the complaint is so construed.

3. In an action against partners to recover money alleged to have been obtained by false representations, any statement made by either partner while the partnership subsisted, tending to show that they ought not to have demanded or received the money, is admissible against both partners; and the fact that the partner making such statement has suffered a default in the action and is apparently hostile to his codefendant, does not affect the admissibility but only the credibility of such evidence.

4. An action for money had and received is in some sense equitable; and where an insurance company sues to recover the amount paid to an assured who had made false and fraudulent proofs as to the extent of his loss, it can recover only so much as the amount paid exceeds the actual loss, although the policy provided that such a fraudulent overestimate of the loss should work a forfeiture of the right of the assured to recover anything upon the policy.

APPEAL from the Circuit Court for *Outagamie* County. The facts will sufficiently appear from the opinion.

For the appellant there was a brief by *Reed & Lines*, attorneys, and *Pinney & Sanborn*, of counsel, and the cause was argued orally by *Mr. Pinney*. They argued, among other things, that the admission of Swan that he set the fire was not admissible in evidence against *Towle*. That was not a matter pertaining to the partnership business. In order to bind the firm or be admissible the declaration of a partner must relate to the partnership business, and mere community of interest will not be sufficient. *Jaggers v. Binnings*, 1 Stark. 64; *Fairlie v. Hastings*, 10 Ves. Jr. 123, 126–7; 2 Wharton on Ev. secs. 1193, 1199; 1 Phillips on Ev. 378; *Hahn v. St. Clair Sav. & Ins. Co.* 50 Ill. 456; *Heffron v. Hanaford*, 40 Miss. 305; *Ostrom v. Jacobs*, 9 Met. 454; *Hickman v. Reineking*, 6 Blackf. 387; *Dixon v. Barclay*, 22 Ala. 370; *Thorn v. Smith*, 21 Wend. 365. One partner is not agent for the other in matters outside of the scope of the partnership business. An agent can make no admission

against his principal as to matters not within the scope of the agency. Nor can he make an admission competent against his principal as to a *past* transaction, even though it was within the agency. *Stiles v. Western R. Corp.* 8 Met. 44; *Livesley v. Lasalette*, 28 Wis. 38; *Hazelton v. Union Bank*, 32 id. 34; *Law v. Grant*, 37 id. 548; *McIndoe v. Clark*, 57 id. 169; *Austin v. Austin*, 45 id. 523; *Mil. & Miss. R. Co. v. Finney*, 10 id. 388; *Randall v. N. W. Tel. Co.* 54 id. 140. The admissions of a tenant in common, or other person having a common interest in property, are inadmissible against his cotenant. 2 Wharton on Ev. sec. 1199; *Dan v. Brown*, 4 Cow. 483, 492.

For the respondent there was a brief by *Houghton & Haddock*, attorneys, and *C. W. Felker*, of counsel, and oral argument by *Mr. Houghton*.

The following opinion was filed December 23, 1885:

TAYLOR, J. This action was brought by the insurance company to recover from the appellant and Swan about $1,000, which the company had paid to them upon a policy of fire insurance issued by said company to Towle & Swan as partners, upon an alleged loss by fire of property covered by said policy. The complaint charges that the payment of the $1,000 was procured by the defendants from the company by making false and fraudulent proofs of loss and by false swearing on the part of the defendants, Towle & Swan, as to the extent of their losses; and that, relying upon such false statements and proofs of loss, and not knowing of their falsity at the time, the plaintiff paid the $1,000 to the defendants; that afterwards, upon ascertaining the falsity of their statements and proofs of loss, and that they did not in fact sustain the losses claimed by them, and that there was in fact but a very small portion of said $1,000 due to them for losses under said policy, the plaintiff demanded of said defendants the $1,000 so paid to them by reason of said false

and untrue proofs of loss and fraudulent representations; that the defendants have neglected and refused to pay the same. Judgment is demanded for the said sum of $1,000 with interest from the 27th day of September, 1881, that being the date of the payment thereof to them by the company. The first complaint filed in the action was demurred to as not stating a cause of action; and thereupon the plaintiff filed an amended complaint, to which the defendant *Towle* answered, and Swan suffered a default. For the details of these complaints a reference must be had to the printed case.

After the summons was served, and before any complaint in the action was made or served upon the defendants, or either of them, the plaintiff procured to be made a sufficient affidavit for a writ of attachment against the property of the defendants, and upon such writ the property of the defendant *Towle* was attached. *Towle* thereupon, and before the service of any complaint in the action, gave an undertaking, as authorized by sec. 2742, R. S., conditioned as therein required, and the property attached was released from said attachment.

When the action was called for trial, and a jury impaneled to try the cause, the defendant *Towle* moved to dismiss the amended complaint and strike it from the files, for the reason that the action was begun as upon a contract and the amended complaint sounds in tort. This motion was overruled, and defendant excepted. The defendant then objected to the reception of any evidence under the amended complaint, on the ground that it did not state facts sufficient to constitute a cause of action. This objection was also overruled, and defendant excepted. After trial the plaintiff had a verdict in its favor for $1,205.36, upon which judgment was rendered against both defendants. *Towle* alone appeals from the judgment. The verdict was the amount paid by the company to the defendants

on the 27th of September, 1881, with interest from that date to the date of the verdict, and no more.

The appellant makes the following assignments of error, upon the argument in this court: "(1) That the court erred in refusing to dismiss and set aside the amended complaint. (2) In admitting the evidence of Nelson as to Swan's admissions, made to him after the fire. (3) In instructing the jury in regard to such admissions. (4) In submitting to the jury, upon all the evidence admitted (including the proof of Swan's admissions), whether the fire by which the stock of staves was burned was set by the defendants or either of them. (5) In instructing the jury 'that the plaintiff has offered some testimony tending to prove that the fire was caused by the act or procurement of the defendants, or one of them,' referring plainly to the proof of Swan's admissions to Nelson. (6) In refusing to grant a new trial. (7) Other rulings and decisions set forth in the printed case."

Under the first assignment of error it is urged by the learned counsel for the appellant that the amended complaint should have been dismissed and set aside for two reasons: *First.* Because the original complaint in the action, though held insufficient in not stating facts sufficient to constitute a cause of action, was clearly intended to state a cause of action upon an implied *assumpsit* or contract to return the money fraudulently obtained by the defendants from the plaintiff, and it is alleged that the amended complaint clearly states a cause of action in tort to recover damages for the injury sustained by the plaintiff, by reason of the false and fraudulent representations made by the defendants, and which caused the plaintiff to pay them the sum of $1,000. This objection is based upon the rule laid down by this court in the cases of *Supervisors of Kewaunee Co. v. Decker*, 34 Wis. 378; *Lane v. Cameron*, 38 Wis. 603, and many others which might be cited. We do not think

this objection is well taken. The nature of the transaction set out in the original complaint is precisely the same as that set out in the amended one; and if the amended complaint sets out a cause of action which must be treated as an action in tort, then it is clear to our minds that there was an intention to set out the same cause of action in the original complaint, and there was no ground, therefore, for setting aside the amended complaint under the rule stated in the cases cited.

*Second.* It is urged that because the plaintiff sued out an attachment in the case, and made an affidavit under the statute stating that the defendants were indebted to the company in the sum of $1,000 upon an implied contract, etc., we ought to construe the complaint first filed as a complaint setting up facts showing an indebtedness upon an implied contract. This consideration should have great weight in determining the real character of the complaint filed, when, upon the facts stated, there is any real doubt as to its character. Judged in the light of that fact, we think the counsel is right in holding that the plaintiff, in the original complaint, intended to allege facts which would show an implied contract on the part of the defendants to pay the company the money they had obtained from it by their false and fraudulent practices; and, testing the amended complaint in like manner, we think that should also be held to be a complaint to recover of the defendants for money had and received by them, which, in law and in equity and good conscience, they had no right to retain, and therefore there was an implied promise to repay it to the plaintiff upon demand. The allegations of fraud, false swearing, and deceit practiced by the defendants, alleged in both complaints, are alleged, not as the cause of action, but for the purpose of showing that the defendants have in their possession a certain sum of money which in law they ought to pay to the plaintiff on demand. After set-

ting up these facts, a demand is alleged, a refusal to pay, and a demand for judgment for the amount of the money so unjustly withheld from them, and not to recover damages on account of the tortious acts of the defendants.

We think the claim of the learned counsel for the appellant, that the amended complaint must be treated as an action to recover damages for the tortious acts of the defendants, and not an action upon an implied contract on the part of the defendants to pay the money received by them from the plaintiff wrongfully, was decided against them by this court in the case of *Town of Fifield v. Sweeney*, 62 Wis. 204. In that case, as one cause of action, the complaint alleged that the defendant furnished teams to work for the town at three dollars per day; that the teams worked in fact 232 days, and "that the defendant falsely and fraudulently represented, by false statements of account and bills rendered, that his teams had worked in the aggregate 265 days; that he knew such statements to be false, and that he made them for the purpose of deceiving the town officers; that said officers believed such false representations, and by reason thereof paid the defendant for thirty-three days in excess of the time actually worked by his teams; that town orders were issued for said team work, and paid by the town treasurer before the error was discovered; and that the plaintiff has sustained damages herein in the sum of $99, and interest." There was also in the complaint in that action an allegation of a demand for the amount of the money fraudulently obtained from the town, and a refusal to pay, before the action was commenced, as in the case at bar. This case is, in all its general features, the same as the one at bar; and it was held that "the whole complaint goes upon an implied *assumpsit* to repay the money so had and received, and interest thereon, and no other damage by reason of the fraud or mistake is claimed. The complaint as for money had and received is

even better by reason of the statement of the facts by which the *assumpsit* is implied, and these facts do not change the action into tort."

This court has repeatedly held that the plaintiff may waive the tort and recover upon an implied contract, when money or property has been obtained by the defendant from the plaintiff by the tortious acts of the defendant. *Norden v. Jones*, 33 Wis. 600; *Keyes v. M. & St. P. R. Co.* 25 Wis. 691; *Elliott v. Jackson*, 3 Wis. 649, 655; *Grannis v. Hooker*, 29 Wis. 65; *Smith v. Schulenberg*, 34 Wis. 41, 50; *Wells v. Am. Exp. Co.* 49 Wis. 224; *Graham v. C., M. & St. P. R. Co.* 53 Wis. 473, 481. What was said in the last case cited is not, we think, in conflict with the decision in the case of *Town of Fifield v. Sweeney, supra.* Each complaint must be judged of upon the exact facts stated in it in order to determine whether it be an action in tort or on contract. And in determining that question, the evident intention of the party in stating his facts must have effect in determining the question when the facts alleged might sustain a cause of action either in tort or on contract. As was said in the *Graham Case:* "The original complaint was in tort; and as the second amended complaint stated facts sufficient in themselves to constitute an action for tort, the court would presume that the pleader intended to go upon the tort as his ground of action, and not upon the implied *assumpsit.* To hold that the amended complaint was intended to be an action of tort would be consistent with the original cause of action stated, and would be a permissible amendment. To hold otherwise would be inconsistent with the original, and not permissible." So, in the case at bar, the plaintiff having caused an attachment to issue in the action, we must presume that he intended that his complaint should state a cause of action on contract, in order to sustain his proceeding by attachment; and the facts alleged being sufficient to allow him to recover on the implied

*assumpsit,* the complaint should be construed as an action upon contract, and not to recover damages for the tort.

Construing the amended complaint as one to recover upon an implied contract to repay the money wrongfully received from the plaintiff, the second objection now made, but which was not made on the trial,— viz., that the complaint should have been dismissed for the reason that it does not state a cause of action which would authorize the issuing of an attachment,— would not seem to be well taken, had it been taken at the circuit. If it were admitted that the complaint was a complaint to recover damages for a tort, whether a motion to set it aside, because an attachment had been issued in the case, should be granted, or whether the only remedy of the defendant in such a case would be to set aside the attachment, is not a question to be determined in this action, as we hold that the complaint is not in tort, and because no motion to set it aside on that ground was made in the court below.

The determination of the second, third, fourth, and fifth assignments of error depends upon the question of the admissibility of the admissions of Swan, one of the copartners and one of the defendants in the action, in regard to the cause of the fire, as evidence for the plaintiff in an action to recover back the moneys paid to the partnership upon the insurance policy. The record shows that the admissions were made shortly after the fire, and before the dissolution of the partnership. The witness Nelson says: " I had some talk with Swan about setting the stock on fire, sometime after the fire." " What did he say?" This was objected to by the defendant, the objection was overruled, and exception taken. The witness answered: " It was sometime after the fire; I could not say how long,— may be a month. We were at the mill or house. He told me he put that to fire himself, or set that afire. I cannot say how he worded it."

The admission given in evidence was made while the appellant and Swan were still partners, and it related to a matter in which the partnership was interested, and it tended to establish the plaintiff's cause of action against them. The plaintiff was seeking by his action to recover from the defendants a sum of money received by them as partners from the plaintiff, and the question at issue between the plaintiff and the partners was whether in law they ought to have received said sum of money when it was paid to them by the plaintiff. We are clearly of the opinion that any statement made by either of the partners while they were still partners, tending to prove that they ought not to have demanded or received the money from the plaintiff, is admissible as evidence for the plaintiff, as against both of the defendant partners. The general rule is that the admissions of one partner are admissible against both, in an action by both or against both. The following cases would seem to be conclusive upon this point: 1 Phil. Ev. 498, notes 137, 139; *Bound v. Lathrop*, 4 Conn. 338; *Walden v. Sherburne*, 15 Johns. 409; *Corps v. Robinson*, 2 Wash. C. C. 390; *Adams v. Brownson*, 1 Tyler, 452; *Williams v. Hodgson*, 2 Harr. & J. 474, 477; *Chapin v. Coleman*, 11 Pick. 331; *Wood v. Braddick*, 1 Taunt. 104; *Thwaites v. Richardson*, Peake, 23; *Henderson v. Wild*, 2 Camp. 562; *Boyce v. Watson*, 3 J. J. Marsh. 498, 500; Taylor, Ev. 626, § 743; *Crosse v. Bedingfield*, 12 Sim. 35; *Whitcomb v. Whiting*, 2 Doug. 652; *Rapp v. Latham*, 2 Barn. & Ald. 795; *Nicholls v. Dowding*, 1 Starkie, 81; *Rawstorne v. Gandell*, 15 Mees. & W. 304; *Phillips v. Clagett*, 11 Mees. & W. 84.

The fact that Swan had suffered a default in the action, and was apparently hostile to his copartner, *Towle*, at the time of the trial, can make no difference as to competency of his admissions as evidence, although it would affect the weight of such admissions as evidence, especially if the admissions were made after the commencement of the hostile

feelings of Swan towards his copartner. The evidence being admissible, there was no error in submitting such evidence to the jury as a part of the plaintiff's case.

As there was a general verdict only in the case, we cannot determine whether the jury found in favor of the plaintiff for the whole amount paid by the plaintiff upon the policy, on the ground that the fire which caused the loss was set, or caused to be set, by the defendants themselves, or by one of them, or upon the ground of fraudulent and false proofs of loss in overvaluing the property destroyed by the fire.

Had there been no proof which would have justified the jury in finding that the defendants, or one of them, set fire to the insured property, and so caused the loss, the verdict should have been, not for the whole amount of money paid by the company for the supposed loss, but for so much only as the amount paid exceeded the actual loss sustained by the insured. The action for money had and received is in some sense an equitable action, and the insurance company having voluntarily paid the money on an alleged loss claimed by the defendants, they can only recover back so much as in equity and good conscience they ought not to have paid.

The provisions in the policy in regard to fraudulent over-estimates of the loss, or false swearing as to the extent of the loss working a forfeiture of their right to recover anything upon the policy, do not affect the rights of the plaintiff in this action to recover back money paid on the policy, nor enlarge its rights beyond what they would have been had no such provision been found in the policy. False swearing and false valuation in proofs of loss might have been a good defense to a recovery upon the policy had the plaintiff refused to pay the loss; but it cannot be made the basis of a right to recover back money already paid upon the policy. The plaintiff's right to recover depends upon proof establishing the fact that the company has paid more

money than covered the loss sustained by the defendants, and that such payment was procured by the false and fraudulent acts of the defendants.

This action for money had and received to the plaintiff's use is in no way founded upon the contract of insurance, but upon the fact that false and fraudulent representations were made by the defendants in order to induce the plaintiff to pay the same. This was so expressly held in *North-western Life Ins. Co. v. Elliott*, 10 Ins. Law J. 333; *S. C. 5* Fed. Rep. 225. In that case the policy upon which the money had been paid was void and illegal under the laws of Oregon. Still the company had paid the loss on the false claim of the death of the party whose life was insured. It was afterwards ascertained that the person whose life was insured was not dead, and the company thereupon brought an action to recover the money paid. It was insisted on the trial that the claim for the money was founded on the void and illegal contract of insurance, and for that reason no recovery could be had. Judge DEADY, in deciding the case, says (5 Fed. Rep. 229, 230): " True, the plaintiff might, at common law, upon the facts, have maintained *assumpsit* for money had and received by the defendant to plaintiff's use; and the law, in the interest of justice, and by way of promoting the remedy, which was in form *ex contractu*, would have implied a promise on the part of the defendant to pay. But this would not have been a contract arising out of the void and illegal one, nor in any respect in affirmance of its validity, but only an implication or fiction of law that upon the facts — the plaintiff being entitled *ex æquo et bono* to recover the money which the defendant had wrongfully obtained from it — he promised to repay the same." *Catts v. Phalen*, 2 How. 376, holds the same doctrine.

The plaintiff in the case at bar, in order to avail itself of the right to sue out an attachment in this action, elected to

waive the action for the wrong committed by the defendants, and bring its action for money had and received to its use, upon the implied *assumpsit* to repay the same. In this action it recovers the money, if it recovers at all, on the ground that it has paid for a loss which did not in fact occur. If the loss did in fact occur to the extent of the payment made, then in equity and good conscience the money ought not to be refunded, and no promise to refund the same could be presumed in favor of the plaintiff; and if there was a loss, though not as great as the money paid, and the excess of payment was made on account of the fraud of defendants, as to such excess there would arise an implied promise on the part of the defendants to refund the excess. The fraud consists in falsely overestimating the claim, and demanding and receiving the excess beyond the actual loss, and not in receiving the money which was justly due for a real loss sustained. We think, therefore, that this action for money had and received, which has always been considered an action at law which is maintainable upon equitable principles, can only avail the plaintiff for the purpose of recovering what it has paid in excess of the real loss, if any, which was sustained by the defendants, unless the jury should find that the fire which destroyed the property was caused, either directly or indirectly, by the wrongful acts of the defendants, or one of them. If the latter fact was made to appear, there would be no loss under the policy which the plaintiff ought to pay. If, on the other hand, there was in fact an honest loss under the policy, and the plaintiff has paid more than such honest loss by reason of the fraud of defendants, that fact does not entitle the plaintiff to recover back in this action the amount of money which is covered by the honest loss.

The only case we have found which would seem to question the soundness of the conclusions we have arrived at upon the question of the amount the plaintiff ought to re-

cover in this action, if there was an honest loss, is *Hartford L. S. Ins. Co. v. Matthews*, 102 Mass. 221. This was, however, an action of tort to recover money obtained by false representations, upon an insurance of live-stock. There were two points in the case: first, that there were false representations made at the time of procuring the policy, which rendered it void; and similar false representations made in making proofs of loss, upon which the money was paid. The case was, however, disposed of in favor of the insured and against the company upon another point not involving the question as to the amount which the company ought to recover in case a recovery was had by it.

The complaint of the plaintiff admits that some of the property burned was covered by the policy, and the proofs show the same fact; so that there was something due the defendants from the plaintiff upon the policy, after the fire took place, unless they wrongfully caused the fire; and in determining the amount the plaintiff ought to recover, the amount of such actual loss should have been considered, if they were entitled to recover at all on the ground of fraudulent representations as to the amount of the actual loss sustained. The learned circuit judge instructed the jury that if they found from the evidence that the loss of defendants was small, and materially less than the amount of the policies of insurance, and that the defendants knew that fact when they made their proofs of loss, and intentionally and knowingly stated the amount of the loss to be materially greater than they knew it to be, for the purpose of unjustly procuring from the plaintiff more than the amount of the loss, and the plaintiff paid the loss relying upon such proofs and in ignorance of its falsity, then the jury should find a verdict for the plaintiff for the full sum paid by it, with interest from the date of payment. This instruction was excepted to by the defendant *Towle*. As stated above, this instruc-

tion was erroneous, and did not state the true rule for establishing the amount the plaintiff should recover in this action upon that branch of the case. As there was only a general verdict in the case, we cannot determine that the verdict was not based upon the fact that there was a fraudulent overvaluation of the amount of the losses of the defendants. This erroneous charge may have induced the jury to render a verdict for the whole sum paid by the plaintiff, notwithstanding they found in favor of the defendant *Towle* on the charge that the fire was wrongfully set by the defendants, or one of them.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

A motion for a rehearing was denied February 23, 1886.