THE HOME INSURANCE COMPANY, Appellant, *v.* MARY MURPHY, Respondent.

(Supreme Court, Appellate Term, First Department, June, 1920.)

**Insurance (fire) — policy of — action for money had and received — equity — rules.**

The right to maintain an action as for money had and received, to recover back money paid under an innocent mis-

statement of the other party, is limited by the rule that the plaintiff in such an action may recover only so much as in equity and good conscience he would have been entitled to withhold.

Where, therefore, in an action to recover back the amount for which a loss under a $700 policy of fire insurance was compromised and settled for $500, a sum more than the insured claimed or had a legal right to claim, it appears that she had collected $250 for the same loss on a $500 policy, the plaintiff has a good cause of action, and the fact that the whole of the $500 went to a mortgagee and not to plaintiff is immaterial.

APPEAL by plaintiff from a judgment in favor of defendant after a trial by a judge without a jury, in the Municipal Court of the city of New York, borough of Manhattan, first district.

Robert A. Fosdick, for appellant.

John MacCrate (Forrest S. Chilton, of counsel), for respondent.

BIJUR, J. This case involves some peculiar features. Plaintiff had issued a policy of fire insurance on defendant's house in the amount of $700, loss if any payable to a mortgagee (one Locke) under the standard form of the mortgagee clause. The policy contained the standard conditions concerning its being void in the event of false statements by the assured, etc., either in the application for the policy or proof of loss thereunder. It also contained a provision avoiding the policy if the assured had other insurance on the property without plaintiff's permission in writing, though apparently this consent had been given because the copy of the policy set out in the minutes contains a clause reading " other insurance permitted without notice until required."

13

Appellate Term, First Department, June, 1920. [Vol. 112.

It also contained a clause, " This company shall not be liable for a greater proportion of any loss or damage than the amount hereby insured shall bear to the whole insurance covering the property, whether valid or not and whether collectible or not."

A fire occurred on the premises, and the defendant's proof of loss recited a *total* insurance of $700 and a " loss and damage per detailed estimate of Alex Moore's Sons, contractors (who were apparently agreed on by both parties as competent estimators) $625." Under the eighty per cent average clause this called on the plaintiff to pay $459.56, to which was " added in compromise to effect settlement $40.44." There was a further statement in the proof of loss that the $700 was the total insurance of the property. The plaintiff sent a letter to the defendant inclosing a check for $500 " in compromise settlement of this claim." Although the testimony of one of plaintiff's witnesses, in which he endeavored to explain that the $500 was paid because the company understood the woman was poor, was stricken out, and perhaps properly, it is quite clear that defendant made no claim beyond the actual loss shown in the proof of loss, and was, therefore, paid more than she had a legal right to expect and than she formally claimed. It developed subsequently that she had another fire policy for $500, under which she collected $250 for the same loss. Upon ascertaining that fact, plaintiff brought this action, indorsing on the summons the statement that the nature of the cause of action was " Obtaining $500 from the plaintiff for a fire loss based upon the false and fraudulent written statement of the defendant." Although plaintiff, appellant, in its brief insists, as it did upon the trial, that the policy became void because of the false statement in the proof of loss that there was no other insurance, this hardly covers the

situation, because under the mortgagee clause plaintiff would have been compelled to pay the mortgagee regardless of defendant's false statement. On the other hand, viewed as an action based on fraud, the learned judge below properly held that the necessary elements for an action of deceit had not been proved, referring no doubt particularly to *scienter.* Indeed, defendant herself testified on her own case that she had told one of plaintiff's representatives (whatever his authority may have been) that she had only one policy, and that Mr. Locke (mortgagee) had the other. Without commenting upon the exact significance of her testimony, I think it may fairly be said that the record did not disclose an intent on her part to deceive. Plaintiff's right, however, to recover does not depend upon proof of fraud in its ordinary sense. Money paid upon an innocent misstatement of the other party may in an appropriate case, as I regard this one to be, be recovered back. *Kountze* v. *Kennedy,* 147 N. Y. 124, 129. In such a case, however, and indeed in case of money paid upon contracts voidable for other and more serious reasons, the right to recover back, that is, the right to maintain an action for money had and received, is recognized as limited by the rule that the party who has made payment may recover back only so much as in equity and good conscience he would have been entitled to withhold. *Schank* v. *Schuchman,* 212 N. Y. 352, citing with approval *Western Assurance Co.* v. *Towle,* 65 Wis. 247, 257–261.

It appears, therefore, that the plaintiff had pleaded and proved a good cause of action against the defendant to recover so much of the $500 as would leave the payment to defendant the correct proportion due from plaintiff to defendant in view of the other insurance existing. Some mention is made by defendant's counsel of the fact that the $500 went not to plaintiff but

to the mortgagee. I do not think that that fact has any bearing upon the present issues. The money was paid by the plaintiff under a contract between it and the defendant, and payment to the mortgagee was plainly for the account and benefit of the defendant owner of the property.

MULLAN and WAGNER, JJ., concur.

Judgment reversed and new trial granted, with thirty dollars costs to appellant to abide event.