MINNIE SCHWITTERS, Appellee, v. DES MOINES COMMERCIAL COLLEGE et al., Appellants.

FRAUD: False Representations—Matters of Prophecy. A representa-
1    tion by a private educational institution that a student "can take the entire course in from 8 to 12 weeks" is a mere prophecy, and therefore nonactionable, especially when the student so understood the statement.

FRAUD: False Representations—Furnishing of Expert Instruction. A
2    representation that a certain course of study in a private educational institution could be completed, "by reason of the expert individual instruction given the student in the school," in a certain length of time, is actionable if intended as a statement of fact that such instruction was given, if relied on, and if shown not to have been given.

DAMAGES: Measure of Damages—Deducting Benefits Received. A
3    student seeking damages because of false representations attending a course of study in a private educational institution may not recover the entire tuition paid, when it is made to appear that he has received educational advantages of some value, besides books and supplies received and not returned or tendered.

Headnote 1:   26 C. J. pp. 1097, 1098.   Headnote 2:   26 C. J. p. 1098.
Headnote 3:   27 C. J. p. 92.

*Appeal from Des Moines Municipal Court.—J. E. MERSHON,*
Judge.

APRIL 7, 1925.

ACTION to recover tuition paid at a commercial college, on
the ground of false and fraudulent representations as to the
character of the instruction given. From a verdict for the
plaintiff, the defendants appeal.—*Reversed.*

*C. S. Bradshaw* and *Casper Schenk,* for appellants.

*John D. Denison,* for appellee.

VERMILION, J.—The appellant Harriet M. Kendall con-
ducted a business college under the name of the Des Moines
Commercial College. The plaintiff, appellee, alleging that the
appellants had falsely and fraudulently repre-
sented to her that "she could complete a course
in shorthand and typewriting, and obtain a posi-
tion in eight weeks' time, under the expert individual instruc-
tion of the defendants' school," sought to recover as damages
the amount she had paid as tuition.

1. FRAUD: false representations: matters of prophecy.

The representation that appellee could complete the course
and obtain a position in eight weeks was no more than a proph-
ecy. It referred only to the future; and its fulfillment, in the
very nature of things, depended upon the ability, previous edu-
cation, industry, and application of the student. The appellee's
own testimony showed that she understood this. In a letter
which the appellee admitted having received from Miss Kendall
before entering the school, she was told:

"You can take this entire course in from eight to twelve
weeks."

This statement, standing alone, was not as to an existing
fact, but was a mere "puffing," and expression of opinion; and
alone was not actionable. *Burke v. Berry,* 152 Iowa 110; *Barr
v. Butler,* 197 Iowa 575. The further represen-
tation that this result could be accomplished by
reason of the expert individual instruction given
the students in the school, if intended as a state-

2. FRAUD: false representations: furnishing of expert instruc-tion.

ment of fact that such instruction was given, and so understood and relied upon by appellee, would be actionable, if it were shown that such individual instruction was not given. This distinction, however, was not preserved in the instructions to the jury. The instructions permitted a recovery upon a finding that the representation that appellee could complete the course and secure a position in eight weeks, under the expert individual instruction in the school, was false, and was known by appellants to be false, and was relied upon by appellee. The jury may well have understood from this that, even though expert individual instruction was given appellee, yet, if she was unable to complete the course and secure a position in eight weeks, this would establish the falsity of the representation, and warrant a finding of bad faith on the part of the appellants; when the only representation of fact was that such expert individual instruction was given. It was the falsity of this representation of fact that must have been established, to warrant a recovery; not merely the falsity of the opinion or prediction that appellee could complete the course and secure a position in eight weeks' time,—a thing that, as has been said, appellee understood depended on her own ability and effort.

The plaintiff received certain books and supplies, and remained in the school, pursued the course of study, and had the benefit of such facilities and instruction as the school afforded her for five weeks, and then left. It cannot be assumed that this was of no value, or that she received no benefit from it. Yet the instructions directed that, if she was entitled to recover, the verdict should be for the amount she had paid as tuition, with interest; and this the jury awarded her. She was only entitled to her damages, which she alleged was the amount she had paid, after accounting for the reasonable value of the services rendered and supplies furnished her. *Van Vliet Fletcher Auto Co. v. Crowell,* 171 Iowa 64.

3. DAMAGES: measure of damages: deducting benefits received.

The question of the right of the appellee to sue at law without rescinding the contract and returning, or offering to return, what she had received that could be returned, and offering to allow credit for the reasonable value of the instruction she had received, is not before us, and is not determined.

It is unnecessary to consider other errors assigned.
The judgment is—*Reversed.*

FAVILLE, C. J., and STEVENS, ARTHUR, and DE GRAFF, JJ.,
concur.