W. T. RAWLEIGH COMPANY, Appellant, v. D. W. COOK et al., Appellees.

**FRAUD:** Elements—Damage—Failure of Proof. Fraud, howsoever clearly established, becomes inconsequential in a law action when it appears that the victim of the fraud was in no manner damaged.

Headnote 1:   26 C. J. p. 1167.

*Appeal from Pocahontas District Court.*—F. C. Davidson, Judge.

September 22, 1925.

Suit on a promissory note, with the defense of fraud.  The verdict in behalf of the defendant.  Plaintiff appeals.—*Reversed.*

*Hudson & Hudson,* for appellant.

*T. F. Lynch,* for appellees.

Albert, J.—One Albin Miller, of Logan, Iowa, had been buying the products of the appellant company, under written contracts, for many years prior to the time in controversy.  Each year a separate contract was made between Miller and the company, and with each contract was a written guaranty made to the company, securing money due the company from Miller.  The appellees were such guarantors on the contract between Miller and the company during the time in controversy.  The contracts usually expired with the calendar year.  At the close of the year 1921, Miller was indebted to the company for goods purchased in the sum of $1,702.15..  The company, through its agent, Schneider, took this matter up with Miller, and, being unable to secure the money from him, Schneider met the appellees at Fonda, Iowa, and demanded payment under the guaranty made by them.

It is insisted that, at the time, certain fraudulent representations were made by appellant's agent; but the appellees refused to do anything until they had interviewed Miller.  Appellees, who lived in Pocahontas County, went to Logan to interview Miller, and went over his books and accounts with him.  Miller transferred his accounts to them, and further secured them by some kind of a contract with reference to his home place.  In the latter part of January, the agent Schneider again met the appellees, at Laurens, and, after some negotiations, appellees signed a note to appellant company for $1,702.15, the amount due the company from Miller, payable November 1,

1922, with 6 per cent interest. They failed to pay this note at maturity, and suit was brought thereon.

It is admitted by the appellees that they had collected approximately $154 on the accounts assigned to them by Miller, and they admit that they owe the company this amount. The appellees, on the trial, claimed that the instrument was void for want of consideration and because of fraud in the inception of the instrument. The jury returned a verdict in favor of the appellees.

The case is quite elaborately argued on both sides, and many errors are assigned; but, as we view it, the controlling question is quite a simple one.

There is no question, under the evidence, as to the correctness of the amount due the company; and appellees, in effect, concede that they owe the company the amount specified. One of the propositions urged is that the evidence in the case is insufficient to support the verdict. To this matter we therefore give attention, as we deem it the controlling question in the case.

It being assumed, without being decided, that the appellees have fully sustained by the evidence their charge of false and fraudulent representations made prior to and at the time of the making of the note in controversy, this is not sufficient to make a case for the jury. In the case of *Ley v. Metropolitan Life Ins. Co.*, 120 Iowa 203, at 211, this court said:

"The definition is compressed into these words: 'Representation, falsity, scienter, deception, injury.' "

It is hornbook law that these are the elements that constitute fraud, under the circumstances of such cases, and a failure to prove any one of the said elements will necessarily defeat one who bases his action or defense thereon. Many Iowa cases could be cited on this proposition, but the rule is too elementary to demand the same. So far as this case is concerned, the rule may be laid down that the proof of fraud without the proof of damages will not make out a case for defense. Such is the Iowa rule, as well as the general rule. The evidence in this case is wholly wanting in this respect. It must be conceded thereunder that no damages whatever were occasioned to the appellees by the transactions in controversy. It must be admitted, under the record made, that the contracts of guaranty were

signed by the appellees, that they were liable thereon, and that the amount claimed was the correct amount due. Before any of these representations were made to these appellees, they were liable to this company for the sum specified. After the representations and the note were made, they were still liable to the company, exactly as they were before, for the exact amount for which they were formerly liable. It is true that the evidence of the indebtedness was changed, but this in no way increased their liability. There was no change whatever in their position to their harm and hurt. This being true, it is quite apparent that their evidence in no way shows that they were damaged or harmed by the transaction in controversy. Since they have failed to prove this element, their defense must fail. The evidence is insufficient to support the verdict.

Want of consideration is urged; but it is sufficient to say that, it being a written instrument, under the statute it imports a consideration, and the evidence in the case is not such as would warrant a holding that there was no consideration for the note. Under the evidence, the court erred in sending the case to the jury, and it is, therefore, reversed.—*Reversed.*

FAVILLE, C. J., and EVANS and STEVENS, JJ., concur.