MABEL B. MITCHELL, Appellee, v. DES MOINES COMMERCIAL COLLEGE et al., Appellants.

PLEADING: Amendments—Objectionable Form. The practice of
1 amending a pleading by dictating the same into the record during the progress of the trial, without any record clearly showing what was done, to the knowledge of all the litigants, is condemned.

**FRAUD: Evidence—Sufficiency.** Record reviewed, and held insufficient
2  to support a finding either (1) that an instructor in a commercial
college was not an "expert," as represented, or (2) that the stu-
dent in such college did not receive "individual instruction," as
represented.

**FRAUD: Damages—Measure of Damages.** The measure of damages for
3  fraudulently representing the nature of instruction given to stu-
dents in a commercial college is the difference between the value
of the represented instruction and the value of the instruction ac-
tually received.

**Headnote 1:** 31 Cyc. p. 389 (Anno.)   **Headnote 2:** 27 C. J. p. 69.
**Headnote 3:** 27 C. J. p. 89.

*Appeal from Des Moines Municipal Court.*—T. L. SELLERS,
Judge.

DECEMBER 15, 1925.

THE defendant appeals from a judgment against her in an
action for fraud.—*Reversed.*

*C. S. Bradshaw* and *Casper Schenk,* for appellants.

*John D. Denison,* for appellee.

MORLING, J.—The defendant, Harriet M. Kendall, is con-
ducting an institution under the name of Des Moines Commer-
cial College, and will be considered, as she in fact is, the sole
defendant.  The plaintiff was a student at defendant's college
for some thirteen weeks, beginning in December, 1922.  She
alleges that she was deceived into becoming a student by certain
false representations.  The one upon which she here endeavors
to support the judgment is, "Practically all of our teaching is
done by way of expert individual instruction."  The substituted
petition sets out the catalogue statements that will be presently
referred to, and the alleged verbal representation "that there
was no chance of failure; that this was on account of 'the won-
derful way which defendants had of teaching shorthand;' that
their individual expert training would fit plaintiff to take up
commercial teaching after having her course."

After the close of the evidence, and after the defendant had moved for a directed verdict and the motion had been overruled, there appears a dictation into the record by plaintiff's counsel of an amendment, to the effect that defendant orally represented:

**1. PLEADING: amendments: objectionable form.**

"We furnish all individual expert training * * * The Des Moines Commercial College gives expert individual training."

This was not signed or filed or noted in the appearance docket, and defendant's counsel says in argument that he knew nothing about it, and that the "expert" element was then injected for the first time. There was a somewhat similar occurrence in another case recently submitted. This practice is capable of great abuse, and we recommend to the trial courts that, where it or other irregular methods of making amendments are resorted to, a plain and definite record of everything that occurs be made, so that it may plainly appear whether or not what is done is with the knowledge and consent of both parties.

We do not think it necessary to pass on the question whether this amendment should be considered as a part of the pleadings. Plaintiff's testimony as to the verbal representations is: "She said that her method of teaching was individual instruction, and that was the reason that you could get through." She does not say that any reference was made to "expert" training. The change sought to be effected by the amendment, therefore, is not supported by the evidence, so far as verbal representations are concerned. The printed representations involving the inclusion of the "expert" element are:

**2. FRAUD: evidence: sufficiency.**

"The reason that you can complete this course with us in eight weeks is because of the fact that you will receive all expert, individual training in your work with us, which insures success and no chance to fail," and:

"The reason he [student] can get it in such a short time with us is due to the fact that he will receive all individual, expert training in his work with us, which insures success and no chance to fail. * * * This college was the first to advocate and introduce individual expert instruction and has demonstrated to the world its ability for training young men and women in the

shortest length of time possible. * * * Our graduates are better qualified * * * for the reason that you will receive all individual expert training which you would not get in the other colleges.''

In form, these statements, as will be noticed, have reference to the future, and are in the nature of ''puffing'' and opinions, rather than statements of existing facts. There is no allegation or proof that they were made with the intention not to perform them. There is no evidence that the defendant is not an expert. The plaintiff introduced an exhibit apparently signed by defendant, in which she says that she is an ex-court-reporter and recognized authority in the state of Iowa on all commercial training, and a graduate of commercial colleges. There is nothing more in the evidence on the subject. The record will not sustain a finding that she is not an expert. Webster's Dictionary, ''Expert;'' Words & Phrases, ''Expert.''

With respect to the training that was given, the plaintiff's testimony is that the defendant assigned the shorthand lessons for plaintiff to write out, and the assistant would read or dictate the words, and, if mistakes were made, would tell the students about them. Plaintiff turned in her shorthand papers, and they came back to her with the markings. The defendant showed plaintiff the home position of the unlettered keys on the typewriter, which she was supposed to learn so that she could strike them without looking at them. Defendant assigned plaintiff the lessons in bookkeeping. Plaintiff took her papers in bookkeeping to defendant each day, and was told from a key which defendant had, whether her answers were right or wrong. The assistant pronounced the words for spelling. Sometimes she did not know how to pronounce them. The assistant employed after plaintiff had been in the school for some time was an inexperienced girl, seventeen or eighteen years old. The defendant was employed much of the time with other work, in which her assistant was also partly engaged. Plaintiff says she was dissatisfied with the school within two weeks; that after two weeks she never thought that she was going to learn the characters, finish the course, and get her diploma. She stayed, however, for thirteen weeks, including two weeks' vacation. Her evidence is that she worked hard, but did not acquire the expected education or proficiency. She could have stayed longer without fur-

ther payment of tuition, had she desired. She paid $140 tuition and $20 for books. She says she left part of the books at the school. Other students gave similar testimony respecting representations made to them, and as to the method of conducting the school. This testimony related to substantially the same period, a little before and a little after that in which plaintiff was in attendance. Two educators gave testimony to the effect that instruction such as that which was given was individual instruction, and not group instruction. There was no other evidence on this subject. The evidence will not warrant a finding that the plaintiff did not receive individual instruction.

The measure of damages for fraud in this state is the difference between the value of what was promised, if as represented, and the value of what was received. Such is the proper measure of damages also in a case of this kind. *Kerr v. Shurtleff*, 218 Mass. 167 (105 N. E. 871). The plaintiff did not rescind, and her suit is not founded upon a claimed right to recover what she was induced to pay by fraud on a contract which has been rescinded. Plaintiff received the instruction, such as it was, for thirteen weeks. She received the books. She offered no evidence as to the value of what she received, nor of the value of what she would have received if the alleged representations which she claims were made (if otherwise actionable) were true. See *Schwitters v. Des Moines Com. Coll.*, 199 Iowa 1058.

3. FRAUD: damages: measure of damages.

In our opinion, actionable fraud or recoverable damages for fraud is not shown. The motion for a directed verdict should have been sustained.

The judgment is—*Reversed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.