L. A. ANDREW, State Superintendent of Banking, Appellee, v. DARROW TRUST & SAVINGS BANK, Appellee, et al., Appellant.

NOVEMBER 22, 1927.

REHEARING DENIED FEBRUARY 11, 1928.

*M. F. Condon* and *J. C. Campbell*, for appellant.

*Geiser, Donohue & Geiser* and *John Fletcher*, Attorney-general, for appellee.

KINDIG, J.—The preference here sought by the Union Bond & Mortgage Company, the claimant and appellant, is based upon asserted fraud of the Darrow Trust & Savings Bank, defendant, in making false representations during the negotiations of a farm loan for one Henry P. Yearling, to the effect that the real estate to be mortgaged was free from incumbrance.

Chronologically, the facts are: E. W. Loomis, about March 5, 1920, executed to Katie Delsing two notes, aggregating $50,000, secured by separate mortgages on 360 acres of land in Chickasaw County. On April 22, 1922, assignments were made to Shekletons, while thereafter, May 15, 1922, said Shekletons retransferred the same to the Dubuque Securities Company, as collateral for a note of $27,000. Following said transactions, Shekletons, under date of March 14, 1923, conveyed to one Robert Stark the equity in said incumbrances over and above the pledge to the Dubuque Securities Company. These documents were all placed on record in the proper county. This burdened real estate was deeded by said Loomis to Phil Lahner, February 21, 1923, who, as protection for a $4,500 note, on that date made to T. B. Condon a junior "mortgage" on said premises, which was subsequently disposed of and set over unto A. J. Kolthoff. Victor Schima obtained title to said acreage February 24, 1923, and he, by deed, granted it to said Yearling, March 31, 1925, subject to said three liens, aggregating $54,500. Said Yearling, the title holder, made written application to appellant January 27, 1925, for a loan of $30,000, and designated the Darrow Trust & Savings Bank his agent to negotiate said financial arrangement, directing that the proceeds thereof be paid to the order of said representative. In said written request for the money is a recital to the effect that the Dubuque Securities Company then held said two "mortgages" first named. That petition for said accommodation, together with abstract of title, was forwarded to appellant for examination. Thereupon, defects were pointed out by appellant's examining attorney, and insistence was made that they be cured. Enumerated among said objections were the three "mortgages" above named, of which two were held by said Robert Stark, and one by said A. J. Kolthoff. There was no demand by appellant for a satisfaction of the charge held by Dubuque Securities Company. Apparently, such item was overlooked by the legal investigator.

Study of the "abstract" and determination of the result thereof were assumed by appellant, and outside suggestions refused. Pursuant to said plan, Henry P. Yearling and wife, on February 28, 1925, executed a new "mortgage," covering said tract, which was filed and recorded April 1st of said year, and afterwards dispatched the same, with the note which it secured, to appellant, together with a request for a remittance of said $30,000. Refusal was made by appellant, although the "note and mortgage" were retained, with the explanation that said discovered title discrepancies were not removed. Information that the Darrow Trust & Savings Bank would guarantee "title" was communicated to appellant, but the offer was rejected. Finally, the "releases" desired by said attorney were sent to appellant. Still acting upon said independent judgment, appellant, on May 1st of said year, mailed to the Darrow Trust & Savings Bank a draft for $27,000, as part of said amount, advising that the balance would be withheld until the "title" was perfected and taxes paid. Continuing its attitude of self-reliance, appellant drew said negotiable bill for $27,000, payable to the Darrow Trust & Savings Bank for Henry P. Yearling, A. J. Kolthoff, and Robert Stark. No other directions or instructions were given. As soon as said instrument was received, A. J. Kolthoff, the president of the Darrow Trust & Savings Bank, indorsed it for the bank, Yearling, Stark, and himself, and the same was transmitted to the Cedar Rapids National Bank for collection, and the amount credited to the account of the Darrow Trust & Savings Bank. Moreover, on said date Kolthoff issued, on behalf of said Darrow Trust & Savings Bank, a certificate of deposit payable to himself. Later, said certificate was cashed by Kolthoff. $5,000 thereof was by him then consumed, and the balance, amounting to approximately $22,000, deposited by him in his own special checking account in the Darrow Trust & Savings Bank, which was drawn upon, from time to time, by said Kolthoff until about the 7th day of July, 1925. All but $55 was dissipated. Meanwhile, the account of the Darrow Trust & Savings Bank in the Cedar Rapids National Bank was overdrawn, to the extent that, on June 8, 1925, the deficit totaled $1,325.37. Ultimately, on the 22d day of July, 1925, the Darrow Trust & Savings Bank closed its doors, and appellee was duly appointed receiver.

Manifestly, there were no false pretenses or fraud prac-

ticed by the Darrow Trust & Savings Bank upon appellant. So far as the record discloses, that institution and its officers were not aware of the contents of said abstract of title, nor did it, or they, know of the condition of the record at any time. Agency existed between the borrower and said banking concern, but no such relationship appears between the latter and appellant. Breach of said intermediary's duty, if any there may have been, affected the principal, Yearling, rather than appellant. Forsooth, every detail of the instructions was completely and exactly carried out by the Darrow Trust & Savings Bank, in the case at bar.

Elements necessary to constitute fraud are representations, falsity, *scienter*, deception, and injury. *Rawleigh Co. v. Cook*, 200 Iowa 412. Not a single essential there required is present in this record. "Representations, falsity, *scienter*, deception, and resulting injury" are each and all absent. "Injury" caused appellant was through its own neglect, not because of "representations, falsity, *scienter*, or deception" of the Darrow Trust & Savings Bank; for, had the investigation been vigilant, the rights of the Dubuque Securities Company would not have been passed over. Incompleteness of the abstract was not the reason. It covered the entire record, and the damaging item was contained therein. Ever present among the foundation stones of an action for "fraud" is reliance upon the "representation." For the general application of this rule, the following authorities are cited: *Bean v. Bickley*, 187 Iowa 689; *First Sav. Bank v. Edgar*, 199 Iowa 1136; *Hall v. Swanson*, 201 Iowa 134.

Necessarily the same doctrine is applied to "representations" concerning "title." *Clark v. East Lake Lbr. Co.*, 158 N. C. 139 (73 S. E. 793); *Bailey v. Frazier*, 62 Ore. 142 (124 Pac. 643). Language of the court in *Clark v. East Lake Lbr. Co.*, supra, is to the following effect:

"The cause of action is based upon a false representation as to title, and, in any event, it was necessary to prove that the representation was relied on."

Clearly, appellant did not meet this prerequisite, but, in fact, the very opposite is true. At all times, assistance, information, and guaranty of and from the Darrow Trust & Savings Bank were spurned, and in unmistakable terms appellant's position regarding its unrestricted freedom to exercise personal

judgment was maintained. Then there could not be active fraud. Oversights sometimes are costly, yet our sympathy must not permit us to do violence to established legal principles, in order to grant unwarranted relief. Yearling asked for a "loan," he named his "agent," and authorized the proceeds to be paid thereto. Acceptance of the proposition was made by appellant, after satisfying itself as to the sufficiency of the "title." $27,000 of the sum involved was given to the "agent," in exchange for the "note and mortgage," and, in harmony with directions, that intermediary made proper delivery. Its duty ended at this stage of the proceedings. Absolutely no trust resulted. Wherefore, a review of the many recent cases concerning that subject, relating to augmentation of assets, presumptions, burden of proof, and following "proceeds," need not here be undertaken.

The judgment of the district court is affirmed.—*Affirmed.*

EVANS, C. J., and STEVENS, FAVILLE, and WAGNER, JJ., concur.