RUDOLPH A. VORPAHL, Appellee, v. SOUTHERN SURETY COMPANY, Appellant.

No. 39077.

FEBRUARY 5, 1929.

REHEARING DENIED MAY 17, 1929.

*Raymond N. Klass* and *Floyd Philbrick,* for appellant.

*L. D. Dennis,* for appellee.

KINDIG, J.—Two general propositions are here involved. One relates to the plaintiff-appellee's right to recover under a policy of disability insurance, and the other has to do with the defendant-appellant's counterclaim, based on appellee's fraud in procuring a settlement for a prior accident under an insurance contract.

Appellee's claim was for total and partial disability. Compensation was asked by appellee for: First, total disability extending from February 1 to February 29, 1924; and second,  partial disability during the period between and including March 1st to April 16th of the same year. During the trial, however, appellant admitted that appellee was totally disabled from February 6 to February 29, 1924, and the only issue, therefore, on appellee's demand submitted to the jury was that relating to the partial disablement from March 1st to April 16th as above stated. It appears that the court did not present to the jury the question relating to appellee's total incapacity from February 1st to February 6th, but no complaint is made thereof by him.

Only one question, therefore, demands attention at this juncture, and that is whether or not there was sufficient evidence to justify the jury's finding for appellee. That proposition will be considered first, and then attention will be given to the errors, if any, relating to the directed verdict on appellant's counterclaim.

I. Appellant, on July 20, 1920, issued the insurance policy to appellee, who then, and during all the times hereinafter concerned, was a physician and surgeon in the city of Cedar Rapids. In addition thereto, appellee acted as county coroner. According to the testimony in appellee's behalf, he was taken ill sometime late in January, 1924, and because thereof, was compelled to call medical aid. Dr. L. E. McLaughlin attended appellee February 1st, and continued so to do during the entire period of total and partial disability. Apparently the appellee had la grippe, or influenza, causing a fever, headache, chills, cough, and muscular pains. Finally his tonsils were removed at a hospital. Thereafter he continued to be indisposed. His feet and knees were swollen and stiff. A nurse was required to wait upon him. Even after the total disablement, it appears that appellee had to use a cane and a crutch while moving about. Some improvement was noted in the patient's health, but medicine, vaccines, and hot baths were required. Pain was suffered in the limbs, and appellee's general physical condition was not good, due to low vitality. Opiates were necessary, to produce sleep. Besides the treatment supplied by Dr. McLaughlin, appellee was administered unto by Dr. Neuzil and Dr. Mantz. Because of this partial incapacity, the evidence is to the effect that appellee was "prevented from performing fully work essential to the duties of his occupation," within the provisions of the policy. Such is the testimony, not only of appellee himself, but also of Drs. McLaughlin, Neuzil, and Mantz. Moreover, appellant's local agent, McMahill, who frequently called upon appellee during that period of time, substantiated, to a large extent, the statements of the other witnesses.

Complaint here is made by appellant because the appellee, during the interim of disability, rendered some services as county coroner, wrote some prescriptions, and examined a few patients. Manifestly, however, there was evidence in the record to the effect that he did not perform the regular duties of his profession. This disputed claim, it is to be remembered, related to partial, as distinguished from total, disability. Suggestion is made, however, that the logical inference to be drawn from appellee's performance of the duties above described is that he undoubtedly also engaged in all his other professional activities, and therefore was not even partially incapacitated. At most, the evidence was

conflicting. The jury had the authority and the duty to determine where the preponderance was. They decided for the plaintiff. Under the circumstances, this court cannot interfere with the result.

II. Error is predicated by appellant on the fact that the district court sustained appellee's motion for a directed verdict on the counterclaim. Fraud and deceit are the grounds for the redress in this part of appellant's answer. Basis for the false pretenses grew out of a claim made by appellee against the appellant July 26, 1922, for indemnity arising out of an accident resulting in injury to the hand. More particularly, the exact nature of the physical disability was "a spiral fracture of the third metacarpal bone of the left hand." Disability arising therefrom prevented appellee, according to the record, from engaging in performing surgery, setting fractures, and attending confinement cases. In a written statement addressed to appellant, under date of August 26, 1922, appellee said:

"Consequently [because of the accident] I was unable to make any examinations or perform any surgery, and I was unable to perform any part of my duties for a period of three weeks, as my left hand was entirely out of commission. During this three weeks, I did not spend any time at my office, aside from obtaining my mail from the office and instructing the girl in respect to collections; but I saw no patients, nor did I treat, prescribe, or examine any patients during the three weeks following the accident."

After negotiations, appellant paid the appellee, for such disablement, the sum of $353.56. No complaint was made concerning that adjustment until at or near the time of the present controversy, when the counterclaim under consideration was filed. Appellee says that he gave little consideration to proofs of loss, and relied upon appellant's agent in the premises. Replying to appellant's charge of fraud, appellee asserts that he was to have a settlement for the amount named, and paid little attention to whether it should be under the theory of total or partial disability.

Avoidance of that settlement is sought by appellant on the theory that the same was obtained by fraud and deceit, because,

it is alleged, there was no total disability, but that, in truth and in fact, during such period of incapacity, appellee performed services as county coroner, wrote prescriptions, and attended at least one diphtheria patient. Due to these false pretenses, appellant, according to its contention, was induced to pay the money aforesaid. Resultantly, complaint is made by appellant because, in view of these facts, the trial court directed a verdict in appellee's favor on this phase of the controversy.

There is lacking, however, in appellant's pleading, and likewise in its proof, an essential element of the cause of action. Damages, as the proximate result of the fraud, are neither pleaded nor proven. If there was no injury, there can be no recovery. *Reinertson v. Consolidated Chem. Prod. Co.*, 205 Iowa 417; *Andrew v. Darrow Tr. & Sav. Bank*, 205 Iowa 244; *Spencer v. Taggart*, 162 Iowa 564; *Workman v. Bales*, 190 Iowa 1061. Notwithstanding the fact that appellant alleges and furnishes some testimony to prove that the money now sought was paid because of the false and fraudulent representations, it does not allege or sustain the fact by evidence that all or some of the amount was not due appellee. When, in a case of this kind, something is due appellee, the entire amount paid cannot be regained. Just allowance must be made for the portion actually due. Ample substantiation of appellee's injury and loss under the policy appears without doubt. Dispute is as to the total disability. Partial incapacity did exist, beyond a peradventure of a doubt.

Clearly, if appellee's injuries were not permanent, they were partial, and some amount was due him from appellant therefor. Without this necessary allegation and evidence, there was no error in the action of the trial court; for, under this state of the record, no ground appeared upon which a recovery could be sustained. *Western Assur. Co. v. Towle*, 65 Wis. 247 (26 N. W. 104); *Schwitters v. Des Moines Com. College*, 199 Iowa 1058.

III. Continuing its objections, appellee urges that the court erroneously excluded certain evidence. During the direct examination of appellee, appellant's counsel asked him if he had not made certain other disability claims at another and different time. An objection to the interrogatory was sustained. Prejudice does not result, because it is not shown what was expected to

have been proven by the witness in this respect. Profert is essential.

Wherefore, the judgment of the district court is affirmed.— *Affirmed.*

ALBERT, C. J., and EVANS, FAVILLE, and WAGNER, JJ., concur.